**STATE of Indiana, Appellant–Plaintiff,**

v.

**Charles A. PARHAM, II,
Appellee–Defendant.**

No. 02A03–0701–CR–37.

Court of Appeals of Indiana.

Oct. 24, 2007.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy At-torney General, Indianapolis, IN, Attorneys for Appellant.

P. Stephen Miller, Fort Wayne, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

The State of Indiana brings this appeal from the Allen Superior Court's grant of a motion to suppress filed by defendant Charles A. Parham II ("Parham"). The State raises one issue: whether the trial court erred when it suppressed evidence from a search of the vehicle Parham was driving. We affirm.

### Facts and Procedural History[1]

Shortly after midnight on June 13, 2005, Fort Wayne Police Sergeant John Shank ("Sergeant Shank") observed Parham driving roughly sixty miles per hour in a thirty-five-mile-per-hour zone. As he followed Parham's vehicle, Sergeant Shank noticed "a lot of superfluous movement" in the car and Parham frequently looking into the rearview mirror. Tr. p. 8.

Sergeant Shank stopped Parham, who put his hands outside the window and said that he didn't want any trouble. Sergeant Shank told him "to take it easy, [he] wasn't afraid of him." Tr. p. 9. Upon smelling alcohol on his breath and administering a portable breath test, Sergeant Shank removed Parham from the vehicle and arrested him for operating while intoxicated.

After Parham had been removed from the car and secured by an assisting officer, Parham's girlfriend, the owner of the vehicle, arrived at the scene to take possession of her vehicle. However, before releasing the vehicle to its owner, Sergeant Shank conducted a search and discovered a .357

---

1. We heard oral argument on September 19, 2007, at the historic Allen County Courthouse in Fort Wayne and commend both Chief Deputy Attorney General Secrest and Public Defender Miller for their respective presentations.

magnum handgun wrapped in a towel under the driver's seat. The State charged Parham with Class B felony possession of a firearm by a serious violent felon, Class A misdemeanor possession of marijuana, and Class C misdemeanor operating while intoxicated.

Prior to trial, Parham moved to suppress the handgun. The trial court granted Parham's motion. In doing so, the trial court found:

6. Sergeant Shank testified that he did not conduct the search based upon any concern for office[r] safety.

7. Based upon Sergeant Shank's testimony, there existed no probable cause to believe that contraband or evidence of other crime existed in the vehicle such as to justify the search of the vehicle following the removal of the Defendant and the passenger.

8. There is no evidence to indicate that the weapon seized was in plain view and observed by Sergeant Shank prior to his search of the passenger compartment of the vehicle.

Appellant's App. pp. 39–40. The State now appeals.

**Standard of Review**

■ Generally, we review a trial court's decision to grant a motion to suppress as a matter of sufficiency. When conducting such a review, we will not reweigh evidence or judge witness credibility. Here, the State appeals from a negative judgment and must show that the trial court's ruling on the suppression motion was contrary to law. This court will reverse a negative judgment only when the evidence is without conflict and all reasonable inferences lead to a conclusion opposite that of the trial court. *State v. Lucas,* 859 N.E.2d 1244, 1248 (Ind. Ct.App.2007), *trans. denied* (internal cita-

tions omitted). We will affirm the trial court's ruling on a motion to suppress if it is sustainable on any legal theory supported by the record, even if the trial court did not use that theory. *Gonser v. State,* 843 N.E.2d 947, 949 (Ind.Ct.App.2006) (citing *Alford v. State,* 699 N.E.2d 247, 250 (Ind.1998)).

**Discussion and Decision**

■ Both the Fourth Amendment to the U.S. Constitution and Article I, Section 11 of the Indiana Constitution provide "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures[.]" U.S. Const. Amend. IV; Ind. Const., art. I § 11. Created to protect the right to privacy, this protection against unreasonable state-sponsored searches and seizures is " 'a principal mode of discouraging lawless police conduct.' " *Jones v. State,* 655 N.E.2d 49, 54 (Ind.1995) (quoting *Terry v. Ohio,* 392 U.S. 1, 12, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). Automobiles are among the "effects" protected, *Taylor v. State,* 842 N.E.2d 327, 334 (Ind.2006); moreover, "it may safely be said that Hoosiers regard their automobiles as private and cannot easily abide their uninvited intrusion." *Brown v. State,* 653 N.E.2d 77, 80 (Ind.1995).

■ The State presents argument and authority under both Constitutions, but because we find it dispositive, we address only the argument under Article I, Section 11. "While almost identical in wording to the federal Fourth Amendment, the Indiana Constitution's Search and Seizure clause is given an independent interpretation and application." *Myers v. State,* 839 N.E.2d 1146, 1153 (Ind.2005). To determine whether a search violated the Indiana Constitution, our courts must evaluate the reasonableness of the police conduct under the totality of the circum-

stances. *Id.* This requires consideration of both the degree of intrusion into the subject's ordinary activities and the basis upon which the officer selected the subject of the search. *Id.* Our supreme court has summarized the reasonableness evaluation as follows:

> [A]lthough we recognize there may well be other relevant considerations under the circumstances, we have explained reasonableness of a search or seizure as turning on a balance of: 1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs.

*Litchfield v. State*, 824 N.E.2d 356, 361 (Ind.2005). The burden is on the State to show that each relevant intrusion was reasonable in light of the totality of the circumstances. *State v. Bulington*, 802 N.E.2d 435, 438 (Ind.2004).

Here, the State focuses its challenge upon the trial court's finding that Sergeant Shank did not conduct the search based on concern for his safety. Rather, the State contends, Sergeant Shank had "heightened" concern due to the early morning hour, the fact that there were multiple people in the car, his observation of "superfluous movement" inside the car, and the site of the stop. We do not reweigh the evidence presented below and we consider any conflicting evidence most favorably to the trial court's ruling. *State v. Quirk*, 842 N.E.2d 334, 341 (Ind.2006). Sergeant Shank testified that he took both Parham's and his passenger's identification back to his patrol car to check for warrants, leaving the two in their vehicle. Tr. p. 9. He also testified that he requested that another police vehicle come to the scene "because [he didn't] have a cage car to transport anyone in[.]" Tr. p. 10. Importantly, Sergeant Shank had removed both Parham and his passenger from the vehicle, and the owner of the vehicle had arrived at the scene and was waiting to take possession of the vehicle at the time the search at issue was conducted. The only evidence before the trial court concerning the rationale for the search was that Sergeant Shank conducted the search because he "wanted to go through the vehicle before we let anyone take off in the car." Tr. p. 11. This evidence supports the trial court's finding that Sergeant Shank did not conduct the search out of concern for officer safety.

Finally, Parham likens the facts here to those presented in *State v. Moore*, 796 N.E.2d 764 (Ind.Ct.App.2003), *trans. denied*, in which this court held that the search of a vehicle driven by the defendant incident to his arrest for driving while suspended was not reasonable for purposes of Article I, Section 11. There, as here, the trial court concluded that the arresting officer never indicated a concern for his safety. *Id.* at 769. In addition, as was the case in *Moore*, there was no evidence presented in the record before us concerning a need to search the vehicle to find and preserve evidence connected to the crime for which the defendant was under arrest. *See id.* The State has failed to establish that the trial court's judgment is contrary to law.

Affirmed.

BARNES, J., and CRONE, J., concur.