**Denia BANIAGA, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0801–CR–21.

Court of Appeals of Indiana.

Aug. 6, 2008.

Jane H. Conley, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Denia Baniaga appeals her convictions for Possession of Cocaine,[2] a class C felony, and Driving While Suspended,[3] a class A misdemeanor. Specifically, Baniaga argues that (1) the search of her vehicle following her arrest violated Article I, section 11 of the Indiana Constitution; (2) the civil forfeiture of her vehicle and subsequent criminal prosecution for possession of cocaine violated the prohibition against double jeopardy; and (3) the evidence was insufficient to support her conviction for possession of cocaine. Finding, among other things, that the search of Baniaga's vehicle was not reasonable pursuant to the Indiana Constitution, we affirm in part, reverse in part, and remand with instructions outlined herein.

### FACTS

On November 9, 2006, Indianapolis Metropolitan Police Officer Brady Ball was watching traffic from his parked police vehicle when he saw a Crown Victoria drive past. Officer Ball noticed that the vehicle's windows were tinted "too dark and I could not see into the vehicle." Tr. p. 17. Officer Ball initiated a traffic stop of the vehicle, which Baniaga was driving. Officer Ball approached the vehicle and Baniaga lowered her window, revealing

2. Ind.Code § 35–48–4–6.

3. Ind.Code § 9–24–19–2.

that she was the sole occupant. Baniaga was unable to produce identification but told Officer Ball her name. After running a search from the computer in his police vehicle, Officer Ball determined that Baniaga was the owner of the vehicle but that her driver's license was suspended. At that point, Officer Ball informed Baniaga that she was under arrest and instructed her to sit on a nearby curb.

Officer Ball proceeded to search the passenger compartment of Baniaga's vehicle and immediately discovered a plastic bag containing cocaine in the pocket of the driver's side door. Officer Ball showed the cocaine to Baniaga and informed her that she was now also under arrest for possession of cocaine. He placed her in handcuffs and advised her of her *Miranda*[4] rights. Baniaga started to cry after Officer Ball asked her if there was more cocaine in the vehicle. Officer Ball returned to the vehicle and immediately discovered a second plastic bag of cocaine between the seat and back cushions of the driver's seat. Subsequent testing revealed that the cocaine weighed 13.4331 grams. A female officer arrived at the scene and conducted a pat down search of Baniaga's person. Inside Baniaga's wallet, the officer found $727.

On November 9, 2006, the State charged Baniaga with class A felony dealing in cocaine, class C felony possession of cocaine, and class A misdemeanor driving while suspended. Baniaga filed a motion to suppress evidence of the search on October 9, 2007. The trial court held a hearing on May 29, 2007, and subsequently denied the motion.

A bench trial began on October 10, 2007. That day, Baniaga filed a motion to dismiss the criminal action, arguing that the civil forfeiture of her vehicle and subsequent criminal prosecution for possession of cocaine violated the principles of double jeopardy. The trial court took the matter under advisement and subsequently denied the motion. The bench trial resumed on October 15, 2007, and the trial court found Baniaga guilty of class C felony possession of cocaine and class A misdemeanor driving while suspended. It found her not guilty of class A felony dealing in cocaine and dismissed that charge. The trial court held a sentencing hearing on December 10, 2007, and sentenced Baniaga to a four-year suspended sentence for the class C felony conviction, to run concurrently with a one-year suspended sentence for the class A misdemeanor conviction. Additionally, the trial court ordered Baniaga to be placed on probation for two years. Baniaga now appeals.

## DISCUSSION AND DECISION

Baniaga argues the trial court improperly denied her motion to suppress the cocaine found in her vehicle. However, because Baniaga did not file an interlocutory appeal of the denial of her motion to suppress, we frame the issue as whether the trial court abused its discretion in admitting the evidence at trial.[5] *Cochran v. State*, 843 N.E.2d 980, 982–83 (Ind.Ct.App. 2006), *trans. denied.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.* at 983. In making this determination, we do not reweigh the evidence and consider conflicting evidence in a light most favorable to the trial court's ruling. *Cole v. State*, 878 N.E.2d 882, 885 (Ind.Ct.App.2007). We consider uncontroverted evidence in the defendant's favor. *Id.*

---

4. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

5. Baniaga objected when the State moved to admit the cocaine at trial. Tr. p. 45.

■ Baniaga contends that the search of her vehicle was unreasonable pursuant to Article I, section 11 of the Indiana Constitution.[6] Baniaga does not challenge the validity of the traffic stop or her subsequent arrest for driving while suspended; instead, she argues that Officer Ball's search of her vehicle was unreasonable because there was no indication of drug activity.

■ While almost identical to the wording in the search and seizure clause of the federal constitution, Indiana's search and seizure clause is independently interpreted and applied. As our Supreme Court has provided:

> To determine whether a search or seizure violates the Indiana Constitution, courts must evaluate the "reasonableness of the police conduct under the totality of the circumstances." *Litchfield v. State*, 824 N.E.2d 356, 359 (Ind. 2005). "We believe that the totality of the circumstances requires consideration of both the degree of intrusion into the subject's ordinary activities and the basis upon which the officer selected the subject of the search or seizure." *Id.* at 360. In *Litchfield*, we summarized this evaluation as follows:
>
> > In sum, although we recognize there may well be other relevant considerations under the circumstances, we have explained reasonableness of a search or seizure as turning on a balance of: 1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or

seizure imposes on the citizens' ordinary activities, and 3) the extent of law enforcement needs.

*Myers v. State*, 839 N.E.2d 1146, 1153 (Ind.2005). The burden is on the State to show that under the totality of the circumstances, the intrusion was reasonable. *Buckley v. State*, 886 N.E.2d 10, 14 (Ind. Ct.App.2008). "Indiana search and seizure jurisprudence, like federal Fourth Amendment doctrine, identifies deterrence as the primary objective of the exclusionary rule." *Membres v. State*, 889 N.E.2d 265, 273 (2008).[7]

Baniaga directs us to *State v. Moore*, 796 N.E.2d 764 (Ind.Ct.App.2003), and argues that the facts of her case resemble the facts of *Moore*. In *Moore*, the defendant was arrested for driving while suspended after being stopped for a traffic infraction. After arresting Moore, an officer searched the passenger compartment of the vehicle and found a .38–caliber handgun under the driver's seat. Moore was charged with class B felony unlawful possession of a handgun by a serious violent felon, class A misdemeanor carrying a handgun without a license, and class A misdemeanor driving while suspended. After a hearing on Moore's motion to suppress, the trial court determined that evidence of the handgun should be suppressed, and the State appealed the ruling.

On appeal, we noted that "it is possible that the Indiana Constitution may prohibit searches which the federal Constitution does not." *Id.* at 767. Although the officer's search of the passenger compartment

---

6. Article I, section 11 provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issues, but upon probable cause, supported by oath or affirmation, and particularly describing the

place to be searched, and the person or thing to be seized.

7. While the *Membres* court held that *Litchfield* announced a new rule that should not be applied retroactively, Baniaga committed her offenses more than nineteen months after *Litchfield* had been decided.

of Moore's vehicle was constitutional pursuant to the federal constitution as a search incident to arrest, *id.* at 767 n. 4 (citing *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)), we ultimately held that the State had not met the burden of proving that the search of Moore's vehicle was reasonable pursuant to the Indiana Constitution, *Moore,* 796 N.E.2d at 771. In rejecting the State's argument regarding officer safety, we noted that the officer "did not indicate that he was ever fearful for his safety." *Moore,* 796 N.E.2d at 771. Turning to the State's argument regarding the permissibility of searching the vehicle as a search incident to arrest, we noted that

> the State's position is unsupported by the fact that Moore was placed under arrest because he committed the offense of driving while suspended and the initial stop was caused by his failure to signal a turn at an intersection. We see no facts which indicate that [the officer] needed to search the car in order to find and preserve evidence connected to the crime of driving while suspended, nor can we perceive of any such situation arising out of this charge. These circumstances, in addition to the facts that all parties were cooperative and [the officer] apparently lacked fear for his safety, lead to the conclusion that the search of the car was not reasonable under the totality of the circumstances present when the arrest was made.

*Id.* at 771. Thus, we affirmed the trial court's order granting Moore's motion to suppress evidence of the handgun.

We relied on *Moore* when deciding *State v. Parham,* 875 N.E.2d 377, 380 (Ind.Ct. App.2007) (noting that the facts at issue therein were similar to the facts of *Moore* as support for affirming the trial court's grant of defendant's motion to suppress pursuant to the Indiana Constitution), *trans. denied.* In fact, the only case that has deviated from *Moore* agreed with ·its premise that a vehicle search is unnecessary to preserve evidence related to the crime of driving while suspended. *Meister v. State,* 864 N.E.2d 1137, 1145–46 (Ind.Ct. App.2007), *trans. denied.* However, the *Meister* court ultimately distinguished the facts of *Moore* from the facts presented therein. *Id.* at 1146 n. 4 (distinguishing *Moore* because the officer in *Meister* had discovered "a hollowed-out pen containing a powdery residue during a search of [the driver's] person, which presented evidence of an additional crime . . .").

Turning to the facts of Baniaga's case, the State argues that Officer. Ball's search of the vehicle was reasonable because Baniaga was under arrest.[8] The State analyzes the facts pursuant to the three factors our Supreme Court outlined in *Litchfield.* Specifically, the State notes that Baniaga had been arrested, she remained nervous throughout the stop, and the degree of intrusion was minimal. Appellee's Br. p. 10. Thus, the State concludes that "the totality of the three *Litchfield* factors . . . supported the trial court's finding that Officer Ball's search of [Baniaga's] vehicle was reason-

---

**8.** Additionally, the State argues that Baniaga has waived this issue because she did not object to Officer Ball's testimony about the search, which the State contends is sufficient evidence to sustain Baniaga's conviction even if the cocaine evidence should not have been admitted. After reviewing the transcript, we note that Baniaga reasserted the arguments outlined in her motion to suppress multiple times throughout Officer Ball's testimony and specifically challenged the search incident to arrest rationale. Tr. p. 44–45, 64–69. Specifically, Baniaga "incorporate[d the] previous Motion to Suppress into evidence as well . . . I am objecting to anything, [that] all the evidence be excluded based on our motion." *Id.* at 45. Thus, we reject the State's argument that Baniaga has waived this issue.

able." [9] *Id.* at 11.

After analyzing the applicable precedent, we agree with Baniaga that the facts of her case are analogous to the facts of *Moore.* Like the defendant in *Moore,* Baniaga was stopped for a vehicular infraction and subsequently arrested for driving while suspended. After her arrest, Officer Ball searched her vehicle despite the fact that he admitted that he did not fear for his safety. Tr. p. 56. Additionally, Officer Ball did not suspect that Baniaga was using drugs or that she had drugs in her possession. In fact, Officer Ball testified at trial that "I did not notice anything consistent with cocaine use in her appearance or anything that I looked for on a person or in a person's appearance for cocaine use." *Id.* at 41. Officer Ball also admitted he did not need to search Baniaga's vehicle to preserve evidence for her arrest for driving while suspended. *Id.* at 60. Instead, he testified that he searched her vehicle because he was looking for "[a]nything. Anything at all. Just—you never know what you'll find." *Id.* at 125.

■ We conclude that Officer Ball's search of Baniaga's vehicle was not reasonable in light of the totality of the circumstances. Although Baniaga was under arrest for driving while suspended, the officer did not fear for his safety and there was no indication that Baniaga had engaged in drug activity. Moreover, Officer Ball admitted that he did not need to search the vehicle to preserve further evidence of Baniaga's licensure offense. Thus, we conclude that the search of Baniaga's vehicle violated the protections provided by Article I, section 11 of the Indiana Constitution. Consequently, the trial court abused its discretion by admitting evidence stemming from the vehicle search. Thus, we reverse Baniaga's conviction for possession of cocaine and remand with instructions for the trial court to vacate the conviction and sentence imposed thereon.[10]

The judgment of the trial court is affirmed in part,[11] reversed in part, and remanded with instructions.

RILEY, J., and ROBB, J., concur.

---

9. The State does not argue that the cocaine in Baniaga's vehicle would have been inevitably discovered during an inventory search of the vehicle and we decline to develop that argument on its behalf. Furthermore, no evidence was presented at trial regarding what happened to Baniaga's vehicle after she was taken from the scene.

10. We need not address Baniaga's sufficiency challenge in light of our holding. Additionally, Baniaga argues that the civil forfeiture of her vehicle and subsequent criminal prosecution for possession of cocaine violated the prohibition against double jeopardy. We note that it is well established that civil forfeiture actions brought pursuant to Indiana Code section 34-24-1-1 do not constitute "punishment" and subsequent criminal prosecution for charges relating to the same property does not violate the prohibition against double jeopardy. *$100 & a Black Cadillac v. State,* 822 N.E.2d 1001, 1008-10 (Ind.Ct.App.2005). There is no evidence in the record that Baniaga appealed from the forfeiture proceedings.

11. On appeal, Baniaga does not challenge her conviction for driving while suspended and we affirm that portion of the trial court's judgment.