**Timothy HATHAWAY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0807–CR–658.**

Court of Appeals of Indiana.

June 1, 2009.

---

Jane H. Conley, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARTEAU, Senior Judge.

Timothy Hathaway ("Hathaway") appeals from his conviction after a bench trial of unlawful possession of a firearm by

a serious violent felon,[1] a Class B felony. Hathaway presents the following restated issue for our review: whether the trial court erred by allowing into evidence a firearm recovered during a warrantless search of the car Hathaway was driving when he was arrested for driving while suspended, violating the Fourth Amendment of the United States Constitution and § 11 of the Indiana Constitution.[2]

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Shortly before midnight on November 26, 2007, Officer Richard Wilkerson of the Indianapolis Metropolitan Police Department ("IMPD") noticed a vehicle signal for a right turn immediately before making the turn, not within 200 feet of making the turn as required, and that the tint on the windows of the vehicle was too dark. Officer Wilkerson activated his police car's lights and followed the vehicle into the parking lot of a video store, where the driver parked the vehicle in a parking space near the entrance to the store. Officer Wilkerson approached the vehicle and asked the driver, who was identified as Hathaway, to exit the vehicle and produce his driver's license and vehicle registration. Hathaway produced an Indiana ID card and admitted that his driving privileges had been suspended. He also produced vehicle registration in the name of Sylvia Booker, who Hathaway stated was his sister.

Hathaway complied when Officer Wilkerson requested that he step to the back of the vehicle while Officer Wilkerson verified the status of Hathaway's driver's license, and that the car was registered to Hatha-

way's sister. Hathaway's passenger, Shartella Davenport, an IndyGo bus driver, was also asked to exit the vehicle and to refrain from using her cell phone. Officer Wilkerson placed Hathaway under arrest for driving while suspended with a prior judgment.

Davenport, who had a valid driver's license, offered to drive the car away, but Officer Wilkerson decided that the car should be towed. Officer Wilkerson then began to search the car. At the suppression hearing, he testified that the search was a combination of a "search prior to ... or incident to arrest. .... [b]ut it was also an inventory search prior to the tow." *Tr.* at 18. While conducting the search, Wilkerson looked under the driver's seat and observed a handgun. At that time, Davenport was also placed in handcuffs, and Hathaway was mirandized. Hathaway admitted that the handgun was his and was loaded.

Davenport was released and told she could leave. She called Hathaway's nephew and asked him to contact his mother, the owner of the vehicle, so that she could come for the car. Officer Brad Ball, who was also at the scene, began the inventory of the vehicle while Officer Wilkerson verified information. Officer Wilkerson told Ball to stop processing the tow slip for the vehicle once Booker arrived and her ownership and identification had been verified. Booker was allowed to drive her vehicle away.

The State charged Hathaway with unlawful possession of a firearm by a serious violent felon, a Class B felony. No charges were filed on the traffic infractions or for driving while suspended. Hathaway

---

1. *See* Ind.Code § 35–47–4–5.

2. Because of our resolution of the first issue, we do not reach Hathaway's request that we

review his sentence under Indiana Appellate Rule 7(B).

filed a motion to suppress the handgun, which was denied. The trial court granted Hathaway's motion to certify the issue for interlocutory appeal. This Court denied Hathaway's petition to accept jurisdiction of the interlocutory appeal. Hathaway was tried in a bench trial where the parties stipulated to the facts and during which he objected to the search of the vehicle and the admission in evidence of the handgun. The State argued that the handgun was admissible under the exception to the warrant requirement as a search incident to arrest. At the conclusion of the bench trial Hathaway was found guilty. Hathaway now appeals.

## DISCUSSION AND DECISION

■ Hathaway argues that the handgun found during the warrantless search of the vehicle he was driving should have been suppressed and should not have been admitted at trial. Hathaway contends that since the search was invalid, the handgun should have been suppressed, and its admission into evidence was harmful error, requiring a reversal of his conviction for possession of a firearm by a serious violent felon.

■ A trial court has broad discretion in ruling on the admissibility of evidence. *Scott v. State*, 855 N.E.2d 1068, 1071 (Ind. Ct.App.2006). "Because we are considering the issue after a completed trial, we review the admission of evidence for an abuse of discretion." *Taylor v. State*, 891 N.E.2d 155, 158 (Ind.Ct.App.2008), *trans. denied, cert. denied* (2009). We will consider the conflicting evidence most favorable to the trial court's ruling and any uncontested evidence favorable to the defendant. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or it misinterprets the law. *Id.*

Hathaway claims that the trial court abused its discretion because the handgun found in the car he was driving should not have been admitted at trial. Hathaway does not challenge the stop of his vehicle, but challenges the propriety of the search. He claims that the search of the car violated his constitutional right to be free from unreasonable search and seizure both under the Fourth Amendment to the United States Constitution and Article 1, section 11 of the Indiana Constitution.

■ The Fourth Amendment protects persons from unreasonable search and seizure, and this protection has been extended to the states through the Fourteenth Amendment. U.S. Const. amend. IV; *Krise v. State*, 746 N.E.2d 957, 961 (Ind. 2001). Generally, a search warrant is a prerequisite to a constitutionally proper search and seizure. *Halsema v. State*, 823 N.E.2d 668, 676 (Ind.2005). When a search or seizure is conducted without a warrant, the State bears the burden of proving that an exception to the warrant requirement existed at the time of the search or seizure. *Id.* Here, Officer Wilkerson testified that the search was a combination of a search incident to arrest and an inventory search prior to towing the vehicle.

In *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the United States Supreme Court held that when a police officer has made a lawful custodial arrest of an occupant of an automobile, the Fourth Amendment allows the officer to search the passenger compartment of that vehicle as a contemporaneous incident of arrest. In *Thornton v. United States*, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), the Court held that an officer is allowed to search the passenger compartment of a vehicle where the occupant of the vehicle is arrested after stepping out of his vehicle. Our su-

preme court applied the *Thornton* rule in *Black v. State*, 810 N.E.2d 713, 716 (Ind. 2004), and held that the warrantless search of the passenger compartment of a vehicle whose driver had already exited his parked vehicle at the time of his arrest for operating a motor vehicle while privileges are suspended, was permissible for purposes of the Fourth Amendment.*

However, in *Arizona v. Gant*, 556 U.S. ——, 129 S.Ct. 1710, 1719, 173 L.Ed.2d 485 (2009), the United States Supreme Court revisited the issue of searches incident to arrest. Gant, like Hathaway, was arrested for driving while suspended. Police searched his car and found cocaine. The Court concluded that: 1) "police may search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search"; and 2) "circumstances unique to the vehicle context justify search incident to a lawful arrest when it is 'reasonable to believe evidence *relevant to the crime of arrest* might be found in the vehicle.'" *Id.* (emphasis added) (citing *Thornton*, 541 U.S., at 632, 124 S.Ct. 2127 (SCALIA, J., concurring in judgment)). The Court held that in cases where the "recent occupant of a vehicle is arrested for a traffic violation, there will be no reasonable basis to believe the vehicle contains relevant evidence." *Id.*

■■■ "While almost identical to the wording in the search and seizure clause of the federal constitution, Indiana's search and seizure clause is independently interpreted and applied." *Baniuga v. State*, 891 N.E.2d 615, 618 (Ind.Ct.App.2008). Under the Indiana Constitution, the legality of a governmental search turns on an evaluation of the reasonableness of the police conduct under the totality of the circumstances. *Litchfield v. State*, 824 N.E.2d 356, 359 (Ind.2005). Although oth-

er relevant considerations under the circumstances may exist, our Supreme Court has determined that the reasonableness of a search or seizure turns on a balance of: 1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizens' ordinary activities, and 3) the extent of law enforcement needs. *Baniaga*, 891 N.E.2d at 618. The burden is on the State to show that under the totality of the circumstances, the intrusion was reasonable. *Id.*

Here, there were no facts to indicate that Officer Wilkerson needed to search the car in order to find and preserve evidence connected to the crime of driving while suspended. *See State v. Moore*, 796 N.E.2d 764, 771 (Ind.Ct.App.2003)(no facts to support search of vehicle to preserve evidence of driving while suspended). Furthermore, all parties were cooperative, and there is no testimony that Officer Wilkerson feared for his safety. *Id.* (all parties were cooperative and no facts officer was fearful for safety). While the State cites to Officer Wilkerson's testimony that he smelled what he suspected to be the odor of smoked cocaine in the vehicle, Officer Ball testified that a strong air-freshener had been used in the vehicle and that he was unable to identify the odor. Consequently, we find this case to be more factually similar to *Moore, Baniaga*, and *State v. Parham*, 875 N.E.2d 377, 380 (Ind. Ct.App.2007)(no need to search the vehicle to find and preserve evidence connected to crime for which defendant was under arrest), than to *Meister v. State*, 864 N.E.2d 1137, 1145–46 (Ind.Ct.App.2007), *trans. denied.* In *Meister*, officers discovered a hollowed-out pen containing a powdery residue in the search of the defendant's person, presenting evidence of an additional crime. 864 N.E.2d at 1145. Under the facts of this case, the search of the vehicle

incident to Hathaway's arrest for driving while suspended was unreasonable under the Indiana constitution. Furthermore, the United States Supreme Court has granted certiorari in *Meister* and has remanded the matter to this Court for reconsideration in light of the holding in *Gant*. 2009 WL 1174858, 76 USLW 3512, 77 USLW 3018. The State also argues that the warrantless search was conducted as an inventory search prior to towing the vehicle Hathaway was driving. However, this argument was not presented at trial and we do not address it here.

Because the search of the vehicle Hathaway was driving incident to his arrest for driving while suspended was unreasonable under the Fourth Amendment to the United States Constitution and Article I, section 11 of the Indiana Constitution, we reverse Hathaway's conviction and sentence for unlawful possession of a firearm by a serious violent felon and order that the same be vacated.

Reversed and remanded to vacate the conviction and sentence.

MAY, J., and RILEY, J., concur.