**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Indianapolis, Indiana

**RYAN M. MCLAUGHLIN**
Certified Legal Intern
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ZACHARY BOWSER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1107-CR-638 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John Chavis, Judge Pro Tempore
Cause No. 49F14-1102-FD-10595

**May 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Zachary Bowser brings this interlocutory appeal from the trial court's order denying his motion to suppress evidence in a criminal action brought against him by the State alleging that he had committed Possession of Paraphernalia,[1] as a class D felony. Bowser presents the following restated issue for our review: Did the trial court err by finding that exigent circumstances justified the warrantless entry of a motel room?

We affirm and remand.

On February 16, 2011 at approximately 12:30 a.m., Indianapolis Metropolitan Police Detective Brady Ball and other officers were conducting a motel check for drug activities at the Best Inn located at 4505 South Harding Street. The Best Inn, which was frequented by truck drivers, was known for prostitution and drug activities, and had been the target of previous police investigations. During the course of this particular motel check, Detective Ball received information that an older white male in Room 230 was selling heroin at the motel. Detective Ball learned from motel management that Room 230 was registered to James Cornett. The officers, who were armed and in uniform, went to Room 230 to conduct a knock-and-talk investigation based on that information.

Detective Ball stood outside the room and listened to ensure that the occupants of the room were present and awake. He heard a television and at least two men's voices inside the room. Detective Ball knocked on the door and Zachary Bowser opened the door within thirty seconds. Through the open door, Detective Ball saw three men; Cornett, Bowser, and another unidentified male. There were two beds with a nightstand between them in the room. Cornett was sitting on the bed farther from the door.

---

[1] Ind.Code Ann. § 35-48-4-8.3(b) (West, Westlaw through legislation effective March 14, 2012).

When Bowser opened the door and saw the officers, he "had a look of awkwardness on his face." *Transcript* at 7. Detective Ball asked for the registered guest of the room, but Bowser ignored the officer, turned to look at Cornett, placed his hand in his left front pants pocket, and lay down on the bed closer to the door. Detective Ball ordered Bowser to remove his hand from his pants pocket at least three times, to no avail. Bowser continued to ignore the officer and acted as though he were not there.

Cornett stood up from the bed farther from the door and began to approach the officer to speak. When Cornett arose from the bed, Detective Ball observed what appeared to be a cocaine pipe on the nightstand between the two beds. Detective Ball again asked Bowser to remove his hand from his pocket, but Bowser refused. Due to Bowser's proximity to the cocaine pipe, the risk of its destruction, and the safety of the officers, Detective Ball entered the room, removed Bowser's hand from his pocket, patted him down and handcuffed him. Detective Ball then saw a second cocaine pipe on the nightstand under Bowser's wallet.

The State charged Bowser with one count of class A misdemeanor possession of paraphernalia, which was enhanced to a class D felony due to a prior conviction. Bowser filed a motion to suppress the cocaine pipe seized from the motel room. The trial court held a hearing on the motion and later determined that exigent circumstances justified the officers' entry into the motel room and denied the motion to suppress. Bowser's petition to certify the order for interlocutory appeal was granted by the trial court. Bowser now appeals.

Bowser claims that the trial court erred in denying his motion to suppress because no exigent circumstances existed to justify the warrantless entry into the motel room and the subsequent search. Bowser contends that the officers violated his right to be free from

unreasonable searches and seizures under the Fourth Amendment to the Federal Constitution and article 1, section 11 of the Indiana Constitution.

"While almost identical to the wording in the search and seizure clause of the federal constitution, Indiana's search and seizure clause is independently interpreted and applied." *Baniaga v. State,* 891 N.E.2d 615, 618 (Ind. Ct. App. 2008). Under the Indiana Constitution, the legality of a governmental search turns on an evaluation of the reasonableness of the police conduct under the totality of the circumstances. *Litchfield v. State,* 824 N.E.2d 356 (Ind. 2005). Although other relevant considerations under the circumstances may exist, our Supreme Court has determined that the reasonableness of a search or seizure turns on a balance of: 1) the degree of concern, suspicion, or knowledge that a violation has occurred; 2) the degree of intrusion the method of the search or seizure imposes on the citizens' ordinary activities; and 3) the extent of law enforcement needs. *Baniaga v. State,* 891 N.E.2d 615. The burden is on the State to show that under the totality of the circumstances, the intrusion was reasonable. *Id.*

The Fourth Amendment protects persons from unreasonable search and seizure, and this protection has been extended to the states through the Fourteenth Amendment. U.S. Const. amend. IV; *Krise v. State,* 746 N.E.2d 957 (Ind. 2001). Generally a search warrant is a prerequisite to a constitutionally proper search and seizure. *Halsema v. State,* 823 N.E.2d 668 (Ind. 2005). When a search or seizure is conducted without a warrant, the State bears the burden of proving that an exception to the warrant requirement existed at the time of the search or seizure. *Id.*

4

One exception allows police to dispense with the warrant requirement in the presence of exigent circumstances. The warrant requirement becomes inapplicable where the "'exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona,* 437 U.S. 385, 393–94, 98 S.Ct. 2408, 2414, 57 L.Ed.2d 290, 301 (1978). Among the exigencies that may properly excuse the warrant requirement are threats to the lives and safety of officers and others and the imminent destruction of evidence. *See Minnesota v. Olson,* 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85, (1990).

Possible imminent destruction of evidence is one exigent circumstance that may justify a warrantless entry into a home if the fear on the part of the police that the evidence was immediately about to be destroyed is objectively reasonable. *Esquerdo v. State,* 640 N.E.2d 1023, 1027 (Ind. 1994). Courts will demand a genuine showing of emergency before excusing the failure to obtain a warrant, and the State must show that law enforcement was faced with circumstances making it impracticable to wait for a search warrant by clear and convincing evidence. *Hawkins v. State,* 626 N.E.2d 436, 439–40 (Ind. 1993). Essentially, the officers must have a reasonable belief that people within the premises are presently destroying or directly about to destroy evidence, the nature of which must have an evanescent quality. *Esquerdo v. State,* 640 N.E.2d at 1027 (quoting *Harless v. State,* 577 N.E.2d 245, 248 (Ind. Ct. App. 1991)). We have found the following circumstances to be relevant to our review:

> 1) The degree of urgency involved and the amount of time necessary to obtain a warrant, (2) reasonable belief that the contraband is about to be removed, (3) the possibility of danger to police officers guarding the site of the contraband

5

while a search warrant is sought, (4) information indicating the possessors of the contraband are aware that the police are on their trail, and (5) the ready destructibility of the contraband and the knowledge 'that efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in the narcotics traffic[.]

*Sayre v. State*, 471 N.E.2d 708, 714 (Ind. Ct. App. 1984).

We review *de novo* a trial court's ruling on the constitutionality of a search or seizure. *Myers v. State,* 839 N.E.2d 1146 (Ind. 2005). We give deference, however, to a trial court's determination of the facts, which will not be overturned unless clearly erroneous. *Id.* Thus, we do not reweigh the evidence, but consider conflicting evidence most favorably to the trial court's ruling. *State v. Quirk,* 842 N.E.2d 334 (Ind. 2006).

In ruling on the motion to suppress the trial court stated the following:

At the Suppression Hearing, Officer Ball and the State stated that he entered because he had probable cause to arrest Mr. Cornett for Possession of Paraphernalia and that exigent circumstances existed; specifically, if he stepped away from the room with Mr. Cornett, there was no way of knowing if Mr. Bowser or another occupant in the room would try to destroy the paraphernalia. When Officer Ball entered the hotel room, he immediately placed Mr. Bowser into handcuffs. At that point, he saw that there was another pipe. He placed Mr. Bowser under arrest for the second pipe.

* * *

In essence, I believe that he was in a lawful place to view—especially as the door was open, a lawful place to view what he believed to be contraband. We will add that—the Court believes that it is impractical for the officer, at that point, since the defendant's—well, this particular defendant, then Mr. Cornett, at the time, know that the officer is there. So in the other cases that I've read, *Willis* and *Sayre* and what have you, there seems to be a distinction between that case and this case in that one, there was a refusal of entry, either by closing the door or what have you. In another instance, they were observing conduct from afar where it was not impractical for the officers to obtain a warrant. In this instance though, I would say the jig is up. The defendant and the—the defendants and then there's a third person in the room, they know that the officers are there. And we believe—the Court believes that it would be

6

impractical at that point [to obtain a warrant and] that exigent circumstances warranted the entry into the premises and the seizure of the cocaine pipe.

*Transcript* at 50-52. The trial court cited as exigent circumstances Bowser's nervous actions, failure to respond to Detective Ball's commands, and placement of himself in proximity to the second pipe.

We agree that a resident responding to a knock and talk investigation has the right to deny officers admission and to refuse to answer questions. *See Hardister v. State*, 849 N.E.2d 563 (Ind. 2006) (residents have the right to deny officers admission and refuse to answer question in response to knock and talk investigation). In this situation, however, Bowser opened the motel room door, and after seeing the officers standing there, left the door open and returned to one of the beds. Detective Ball asked to speak with Cornett, the registered guest of the room. When Cornett arose from the bed to speak with the officer, Detective Ball could see from his vantage point in the hallway, a cocaine pipe on the nightstand between the two beds. Detective Ball had probable cause to enter the room and arrest Cornett for possession of paraphernalia. Detective Ball requested that Bowser remove his hand from his pocket, but Bowser did not comply. Bowser was situated close to the cocaine pipe. The officers reasonably concluded that Bowser's refusal to remove his hand from his pants pocket might be because he was holding a weapon. The officers then concluded that exigent circumstances existed. Had the officers delayed in order to obtain a warrant, the evidence likely would have been removed or destroyed by any of the three men present in the room. There is no doubt that Bowser and Cornett were aware that the officers were on their trail. We agree with the trial court's conclusion that Detective Ball had an

7

objectively reasonable belief that exigent circumstances existed allowing for the warrantless entry into the motel room. The trial court correctly denied the motion to suppress under Fourth Amendment analysis.

As for Indiana constitutional analysis, we likewise find that the trial court correctly denied the motion to suppress. The officers' entry into the motel room was reasonable under the totality of the circumstances. When Bowser observed the uniformed officers at the door of the motel room, he had a look of awkwardness on his face and returned to the bed closer to the door. Bowser then ignored the officers and kept his hand in his pants pocket. Detective Ball observed one cocaine pipe from his vantage point in the hallway, and saw the second cocaine pipe under Bowser's wallet on the nightstand after entering the motel room. The officers knew that violations had occurred, and their entry into the room through the door Bowser left open was minimally intrusive. The officers' need to secure the paraphernalia before it was destroyed or removed by any of the three men was great. Under the totality of the circumstances, the officers' warrantless entry into the motel room was reasonable.

*Willis v. State*, 780 N.E.2d 423 (Ind. Ct. App. 2002), a case relied upon by Bowser is distinguishable from the present case. In *Willis* the officers forced their way into the hotel room to arrest one of the occupants for misdemeanor trespass. The officers knocked on the door, which was then opened by one of the occupants, but not the registered guest. That occupant slammed the door shut. The occupant then opened the door to inform the officers that he would not consent to their entry into the room as the room was not his, and shut the door again. We concluded that although the officers had probable cause to arrest one of the

8

occupants of the room, there were no exigent circumstances to justify the warrantless entry into the room to make the arrest.

In the present case, the officers knocked on the door of the motel room, and Bowser answered the door, leaving it open. Detective Ball observed a cocaine pipe in the room. The circumstances not present in *Willis*, i.e., that evidence was in danger of being destroyed, is present here. We conclude that the trial court correctly denied the motion to suppress under Indiana constitutional analysis.

We affirm the trial court's denial of Bowser's motion to suppress evidence and remand the matter for further proceedings consistent with this opinion.

Judgment affirmed and cause remanded.

MAY, J., and BARNES, J., concur.