**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1207-CR-357 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1106-FC-159

**February 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Brandon Johnson appeals his conviction for carrying a handgun without a license, as a Class C felony, following a jury trial.[1] Johnson raises a single issue for our review, namely, whether the State seized a firearm from Johnson in violation of the Fourth Amendment to the United States Constitution or Article I, Section 11 of the Indiana Constitution. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Around 9:00 p.m. on June 7, 2011, Officers Nicholas Lichtsinn and Christopher Felton of the Fort Wayne Police Department observed Johnson and Reginald Wilson walking down the middle of Capitol Street rather than using the sidewalk. Both officers were in full uniform and in a marked police vehicle. The officers stopped their vehicle near the two men and began to exit.

As they did so, Johnson became aggressive and thrust his right hand into his right front pants pocket. Officer Lichtsinn ordered Johnson to remove his hand from his pocket. Johnson began to back away from the officers and removed his hand from his pocket. As he did so, Officer Lichtsinn observed a Smith & Wesson .40 caliber semi-automatic firearm fall to the ground. Johnson then fled from the officers. Officer Felton chased after him and detained him.

On June 13, the State charged Johnson with carrying a handgun without a license, as a Class C felony, and resisting law enforcement, as a Class A misdemeanor. On May 16, 2012, the court held Johnson's jury trial, after which the jury found him guilty of both

---

[1] Johnson does not appeal his conviction for resisting law enforcement, as a Class A misdemeanor.

counts. The court entered its judgment of conviction and sentenced Johnson accordingly. This appeal ensued.

## DISCUSSION AND DECISION

Johnson appeals the trial court's admission of the firearm into evidence. Our standard of review of a trial court's admission or exclusion of evidence is an abuse of discretion. Speybroeck v. State, 875 N.E.2d 813, 818 (Ind. Ct. App. 2007). A trial court abuses its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before the court. Id. In reviewing the admissibility of evidence, we consider only the evidence in favor of the trial court's ruling and any unrefuted evidence in the defendant's favor. Dawson v. State, 786 N.E.2d 742, 745 (Ind. Ct. App. 2003), trans. denied.

Johnson contends that the State's seizure of his person was unreasonable under the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Indiana Constitution. Both of those constitutional provisions protect citizens from unreasonable searches and seizures. See Hathaway v. State, 906 N.E.2d 941, 944-45 (Ind. Ct. App. 2009), trans. denied. Generally, a search warrant is a prerequisite to a constitutionally proper search and seizure. Halsema v. State, 823 N.E.2d 668, 676 (Ind. 2005). When a search or seizure is conducted without a warrant, the State bears the burden of proving that an exception to the warrant requirement existed at the time of the search or seizure. Id.

However, in Terry v. Ohio, 392 U.S. 1, 30 (1968), the United States Supreme Court held that an officer may, consistent with the Fourth Amendment, conduct a brief

3

investigatory stop when, based on a totality of the circumstances, the officer has a reasonable, articulable suspicion that criminal activity is afoot. Hardister v. State, 849 N.E.2d 563, 570 (Ind. 2006). An investigatory stop allows a police officer to "temporarily freeze the situation in order to make an investigative inquiry." Johnson v. State, 766 N.E.2d 426, 429 (Ind. Ct. App. 2002), trans. denied. A Terry stop is a lesser intrusion on the person than an arrest and may include a request to see identification and inquiry necessary to confirm or dispel the officer's suspicions. Id. (citing Hiibel v. Sixth Judicial Dist. Court of Nev., 542 U.S. 177, 185-89 (2004)). Reasonable suspicion entails some minimal level of objective justification for making a stop, something more than an unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause. Wilson v. State, 670 N.E.2d 27, 29 (Ind. Ct. App. 1996) (citing United States v. Sokolow, 490 U.S. 1, 7 (1989)). Indiana has adopted the Terry rationale in determining the legality of an investigatory stop under Article I, Section 11. Id.

Here, Johnson contends that "the police had no reasonable suspicion to initiate a Terry stop . . . as he was simply walking down the street." Appellant's Br. at 12. We cannot agree. The officers observed Johnson walking down the middle of the street rather than on the sidewalk, in violation of Indiana Code Section 9-21-17-12. Officer Lichtsinn testified that, as he was exiting the vehicle to investigate the apparent sidewalk violation, Johnson became aggressive and placed his hand in his pocket, which led to the discovery of the firearm.

The officers' initial encounter with Johnson was well within the definition of a Terry stop. The officers observed Johnson engaged in behavior contrary to Indiana law.

4

Their observation gave them reasonable suspicion to approach Johnson under the Fourth Amendment and Article I, Section 11. And, once the officers attempted to temporarily freeze the situation, Johnson's aggressive behavior and his placing his hand inside his pocket further justified the officers to order Johnson to remove his hand, which resulted in the firearm falling out of Johnson's pocket. E.g., Zelmer v. State, 177 Ind. App. 636, 638-39, 380 N.E.2d 618, 620 (1978). The officers' seizure of both Johnson and the firearm was not contrary to law, and the trial court did not abuse its discretion when it admitted the firearm into evidence.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.