Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 23 2014, 10:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS PALMER FRAZIER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADAM TAYLOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1311-CR-566 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Peggy Hart, Commissioner Cause No.
49G20-1206-FB-040039

**July 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a jury trial, Adam Taylor was convicted of Possession of a Firearm by a Serious Violent Felon[1] as a class B felony; Dealing in Marijuana[2] as a class D felony; Possession of a Controlled Substance[3] as a class D felony; and Resisting Law Enforcement[4] as a class A misdemeanor. Taylor now appeals, presenting two issues for our review:

1. Did the trial court abuse its discretion in denying Taylor's motion to suppress evidence seized during a search of his vehicle?

2. Is the sentence imposed inappropriate?

We affirm.

On June 12, 2012, Indianapolis Metropolitan Police Officer Matthew Earley pulled over a vehicle he saw run a four-way stop. Officer Earley requested backup before he approached the vehicle, and Officer Ryan Gootee arrived on the scene. When Officer Earley approached the passenger side window, he smelled a strong odor of raw marijuana and asked Taylor, the sole occupant of the vehicle, to provide his driver's license. Taylor complied. Officer Earley then asked Taylor to step out of the vehicle, and when Taylor refused, Officers Earley and Gootee forcibly removed Taylor from the vehicle and placed him in handcuffs.

The officers then conducted a search of Taylor's car. During the search, the officers found a bag of marijuana and a handgun in the center console. Officer Earley confirmed that Taylor had a prior conviction and did not have a handgun license. The officers placed Taylor under arrest and during a search incident to arrest, discovered four ecstasy pills and

---

[1] Ind. Code Ann. § 35-47-4-5 (Westlaw, Westlaw current through 2012 Second Regular Session).
[2] Ind. Code Ann. § 35-48-4-10 (Westlaw, Westlaw current through 2012 Second Regular Session).
[3] I.C. § 35-48-4-7 (Westlaw, Westlaw current through 2012 Second Regular Session).
[4] Ind. Code Ann. § 35-44.1-3-1 (Westlaw, Westlaw current through 2012 Second Regular Session).

$3,015 in his pockets. Officer Gootee opened the trunk of the vehicle and found a large duffle bag containing marijuana, a digital scale, rubber bands, and numerous plastic bags.

Taylor was arrested and charged with possession of a firearm by a serious violent felon, dealing in marijuana, possession of marijuana, possession of a controlled substance, and resisting law enforcement. The jury found Taylor guilty as charged. The trial court merged the possession of marijuana and dealing in marijuana offenses and entered a judgment of conviction on the remaining counts. The trial court then sentenced Taylor to an aggregate term of sixteen years in the Department of Correction. Taylor now appeals.

1.

Although Taylor claims the trial court erred in denying his motion to suppress, the issue is more properly framed as whether the trial court abused its discretion when it admitted the challenged evidence at trial. *See Packer v. State,* 800 N.E.2d 574 (Ind. Ct. App. 2003), *trans. denied.* Taylor argues that the search of his car resulting in the discovery of marijuana occurred in violation of his rights under the Fourth Amendment and article 1, section 11 of the Indiana Constitution. Specifically, Taylor argues that the arresting officer had insufficient training to recognize the smell of raw marijuana and therefore lacked probable cause to search the vehicle.

The admission or exclusion of evidence is within the sound discretion of the trial court and the trial court's decision on such matters will be reversed on appeal only for an abuse of discretion. *Palilonis v. State,* 970 N.E.2d 713 (Ind. Ct. App. 2012), *trans. denied.* An abuse of discretion occurs when the trial court's ruling is clearly against the logic and effect of the facts and circumstances before the court. *Id.* When reviewing the

3

admissibility of evidence, we do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Collins v. State,* 822 N.E.2d 218 (Ind. Ct. App. 2005). We must, however, consider uncontested evidence favorable to Taylor. *See id.* In addition, the ultimate determination of the constitutionality of a search or seizure is reviewed *de novo. Woodson v. State,* 966 N.E.2d 135 (Ind. Ct. App. 2012), *trans. denied.*

The Fourth Amendment of the United States Constitution and article 1, section 11 of the Indiana Constitution afford individuals protection from unreasonable seizures and warrantless searches. *Id.* The automobile exception, however, is a well-recognized exception to the Fourth Amendment warrant requirement. *Myers v. State,* 839 N.E.2d 1146 (Ind. 2005). A search falls within this exception when the vehicle is readily mobile and probable cause exists to believe it contains contraband or evidence of a crime. *Id.* (citing *Maryland v. Dyson,* 527 U.S. 465 (1999)). While almost identical to the federal constitution, Indiana's search and seizure clause is independently interpreted and applied. *Baniaga v. State,* 891 N.E.2d 615 (Ind. Ct. App. 2008). Under the Indiana Constitution, the legality of a governmental search turns on an evaluation of the reasonableness of the police conduct under the totality of the circumstances. *Litchfield v. State,* 824 N.E.2d 356 (Ind. 2005).

Taylor does not dispute that the odor of raw marijuana, if detected by a properly trained police officer, would justify a warrantless search of the vehicle under the Fourth Amendment and article 1, section 11 of the Indiana Constitution. *See State v. Hawkins*, 766 N.E.2d 749 (Ind. Ct. App. 2002) (holding that the distinctive odor of burnt marijuana detected by a trained and experienced police officer is sufficient to constitute probable

4

cause to search a motor vehicle). Instead, he argues that Officer Earley had insufficient training in recognizing the smell of marijuana. *See State v. Holley*, 899 N.E.2d 31 (Ind. Ct. App. 2008) (holding that a warrantless search was not justified where there was no evidence that the police officer was trained to identify the odor of marijuana).

In this case, Officer Earley testified that while at the IMPD training academy, he took a class in identifying narcotics that spanned a number of days, and in which the instructors brought in raw marijuana and performed a controlled burn. This training offered the officers-in-training an opportunity to identify the look and smell of marijuana in its raw and burnt forms. Officer Earley testified further that he had encountered marijuana as part of his field experience more than one hundred times. This testimony was more than sufficient to support the trial court's evidentiary ruling. Taylor's arguments to the contrary are simply requests to reweigh the evidence, which we will not do. In light of Officer Earley's testimony regarding his training and experience with the smell of marijuana, we cannot say the trial court abused its discretion in admitting evidence seized during the search of the vehicle.

2.

Finally, Taylor argues that his aggregate sentence of sixteen years is inappropriate in light of the nature of the offense and the character of the offender. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State,* 895 N.E.2d 1219 (Ind. 2008). Pursuant to App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's

decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State,* 917 N.E.2d 675, 693 (Ind. 2009). Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand an d recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State,* 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

Whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d at 1224. Furthermore, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

Taylor was sentenced to sixteen years for the class B felony, three years for each of the two class D felonies, and one year for the class A misdemeanor, all sentences to run concurrently. A class B felony has a sentencing range of six to twenty years, with an advisory sentence of ten years. Ind. Code Ann. § 35-50-2-5 (West, Westlaw current through 2012 Second Regular Session). A class D felony has a sentencing range of six months to three years, with an advisory sentence of one and a half years. I.C. § 35-50-2-7

6

(West, Westlaw current through 2012 Second Regular Session). A class A misdemeanor has a maximum sentence of up to one year. I.C. § 35-50-3-2 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014).

With regard to the nature of the offense, we note that over 400 grams of marijuana, four ecstasy pills, and $3,015 in cash were seized. As to the character of the offender, we observe that Taylor's criminal history includes multiple felony and misdemeanor convictions, including robbery as a class B felony, battery as a class C felony, battery as a class D felony, possession of marijuana, and disorderly conduct. Furthermore, as a juvenile, Taylor committed what would have been armed robbery as a class B felony if committed by an adult. Taylor's history of criminal activity is indicative of violence and extreme disregard of the law. Taylor has failed to meet the burden of persuading this court that his sixteen-year sentence was inappropriate.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.