**Brandon DOWDELL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0011–CR–745.

Court of Appeals of Indiana.

April 11, 2001.

Transfer Denied July 18, 2001.

William F. Thoms, Jr., Thoms & Thoms, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Appellant, Brandon Dowdell, appeals his conviction for Possession of Cocaine, a class D felony,[1] and Possession of Marijua-

na, a class A misdemeanor.[2]   Specifically, Dowdell alleges that part of the State's evidence, marijuana in the form of a "blunt" and plastic baggies containing marijuana and cocaine, was inadmissible because the evidence was seized in violation of his Fourth Amendment rights.   Because we find that the police officer did not have reasonable suspicion that Dowdell was about to commit a crime or had committed a crime, the stop was illegal and any evidence obtained from the stop should not have been admitted at trial. We reverse.

### Facts and Procedural History

The record reveals that on November 19, 1998, Indianapolis Police Officer Scott David Teagardin was on patrol when he saw Dowdell standing on the sidewalk smoking what appeared to be a "blunt."[3] Officer Teagardin admitted he was uncertain whether Dowdell was smoking a blunt or a cigar.   At the time of this sighting, Officer Teagardin was in a marked police vehicle driving about ten to fifteen feet away from Dowdell.   Officer Teagardin stopped his vehicle and said something along the lines of "hey come here" or "what are you doing?" to Dowdell.   Record at 40.

At this point, Dowdell threw his "blunt" down and walked quickly over to Officer Teagardin's vehicle.   Dowdell had what looked like plastic baggies in one hand and he immediately put both hands in his pockets.   Officer Teagardin exited his vehicle and noticed a strong odor of marijuana on Dowdell.   He then handcuffed Dowdell and began to question him concerning the plastic baggies.   Officer Teagardin secured the blunt and again questioned Dowdell concerning the plastic baggies.

---

1.   Ind.Code § 35–48–4–6.

2.   Ind.Code § 35–48–4–11.

3.   A blunt is marijuana wrapped in a cigar wrapper.

Dowdell then said that he had some information and wanted to talk to a detective. Officer Teagardin transported Dowdell to the police station and read Dowdell his Miranda rights during the trip. Officer Teagardin again questioned him concerning the plastic baggies, but this time Dowdell said that he had thrown them down before he was handcuffed. Other officers searched the area for the plastic baggies, but none were found.

At the police station, Officer Teagardin and a detective told Dowdell that they were going to perform a pat down search. Dowdell then reached into his pocket and pulled out the two plastic baggies. The bags contained marijuana and cocaine. Both the blunt and the two plastic bags were admitted into evidence at trial.

The State charged Dowdell with possession of cocaine and possession of marijuana. After a bench trial, Dowdell was found guilty of both counts and sentenced to one hundred and eighty (180) days for each count, to be served concurrently. This appeal ensued.

### Discussion and Decision

■ Dowdell contends that the trial court should not have admitted the marijuana blunt and the two plastic baggies containing marijuana and cocaine as evidence. A trial court has broad discretion in ruling on the admissibility of evidence. *Ransom v. State*, 741 N.E.2d 419, 421 (Ind. Ct.App.2000). We will reverse a trial court's ruling on the admissibility of evidence only when it has been shown that the trial court abused its discretion. *Id.* Specifically, Dowdell alleges that Officer Teagardin did not have the required reasonable suspicion to conduct an investigatory stop when he questioned Dowdell concerning the blunt, thereby violating his Fourth Amendment rights. Thus, Dowdell argues that the evidence seized as a result of the illegal stop is inadmissible as "fruit of the poisonous tree." We agree.

■ Initially, we note that the police may briefly detain an individual for investigatory purposes if there is a reasonable suspicion that a crime may be committed or has been committed. *Overstreet v. State*, 724 N.E.2d 661, 663 (Ind.Ct.App. 2000) (citing *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)), *trans. denied.* The facts supporting a reasonable suspicion that criminal activity is afoot must rise to a minimum level of objective justification to be valid. *Burkett v. State*, 736 N.E.2d 304, 306 (Ind.Ct.App. 2000). Here, Officer Teagardin testified that he first saw Dowdell from a distance of ten to fifteen feet, that he drove past Dowdell, pulled over, and called out to Dowdell. While he may have known what a blunt is, Officer Teagardin admitted on cross-examination that he was uncertain if Dowdell was smoking a blunt or a cigar. Therefore, Officer Teagardin did not have reasonable suspicion that Dowdell was committing or about to commit a crime.

■ However, the State argues that the encounter between Dowdell and Officer Teagardin did not constitute a stop, but rather it was consensual, and thus no reasonable suspicion was required. It is not the purpose of the Fourth Amendment to eliminate all contact between police and the citizenry. *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), *reh'g denied*, 448 U.S. 908, 100 S.Ct. 3051, 65 L.Ed.2d 1138. As long as the person to whom questions are asked remains free to disregard them and walk away, there has been no intrusion upon that person's liberty or privacy to require some particularized and objective justification. *Id.* at 553, 100 S.Ct. 1870.

■ The State uses this court's decision in *Overstreet v. State*, 724 N.E.2d 661 (Ind.

Ct.App.2000), to argue that the contact between Dowdell and Officer Teagardin was a consensual encounter and did not amount to a stop requiring reasonable suspicion. The State contends that because Officer Teagardin made a casual and brief inquiry of Dowdell, that the Fourth Amendment was not implicated. Therefore, when Dowdell dropped the blunt, he abandoned it and when Officer Teagardin picked it up, that gave him probable cause to arrest Dowdell.

In *Overstreet,* a police officer observed Overstreet looking into someone's mailbox. The officer then followed Overstreet to a gas station and pulled his vehicle behind Overstreet's car when Overstreet began to put air in his tire. He walked over to Overstreet and asked him what he had been doing in that mailbox and asked Overstreet for identification. Overstreet then volunteered that his license was suspended. This court affirmed the trial court's denial of Overstreet's motion to suppress all evidence obtained as a result of the stop. We held that because Overstreet stopped at the gas station himself and because the officer did not restrict Overstreet's movement or detain Overstreet, there was no evidence to support that Overstreet did not believe that he was free to walk away from the officer. *Id.* at 664. Therefore, the encounter did not constitute a *Terry* stop requiring reasonable suspicion of criminal activity, and the trial court properly allowed evidence seized from Overstreet to be admitted.

However, our case is distinguishable from *Overstreet.* The U.S. Supreme Court has given examples of circumstances under which a reasonable person would believe he was not free to leave. These include the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person or the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. *Mendenhall,* 446 U.S. at 554, 100 S.Ct. 1870. Here, there is evidence indicating compliance was compelled. Officer Teagardin was in a marked police vehicle when he pulled up to about ten or fifteen feet from Dowdell, who was standing on the sidewalk, and said to him "hey, come over here" or "what are you doing?" Record at 40. Also, unlike *Overstreet* where the defendant stopped at a gas station of his own free will and the officer approached him, Dowdell was standing on the sidewalk when Officer Teagardin called him over to his vehicle. A reasonable person when faced with a police officer pulling up to him in a marked vehicle and calling for him to come over to the car would not assume that he can just turn and walk away. Therefore, Officer Teagardin's encounter with Dowdell constituted a stop and thus required reasonable suspicion.

Because the blunt and the plastic baggies were discovered as the result of an illegal stop, we reverse the trial court and vacate Dowdell's convictions.

ROBB, J., and BROOK, J., concur.