**James E. BRADSHAW, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A02–0106–CR–366.**

Court of Appeals of Indiana.

Dec. 5, 2001.

James H. Pickering, Jr., Richards, Boje, Pickering, Benner & Becker, Noblesville, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

James E. Bradshaw brings this interlocutory appeal challenging the trial court's denial of his motion to suppress evidence, namely marijuana detected on his person by a canine sweep that took place during a routine traffic stop of a vehicle in which he was a passenger. Specifically, he maintains that the canine sweep was conducted without reasonable suspicion of drug activity. Because a canine sweep is not a search, the officer had reasonable suspicion for the initial stop, and the vehicle was still lawfully detained at the time of the canine sweep, we affirm.

### Facts and Procedural History

Bradshaw was a passenger in Henry V. Chalfont's truck when Officer John Douglas Grishaw, a canine officer with the Arcadia Police Department, pulled the vehicle over because it did not have an operating light illuminating the license plate. Once the vehicle was stopped, Officer Grishaw approached the driver's side of the vehicle and asked Chalfont for his license and registration. As he was doing this, Officer John L. Woods, also of the Arcadia Police Department, arrived at the scene to assist. Officer Grishaw handed the license and registration to Officer Woods to run a license and warrants check on Chalfont. While Officer Woods ran the license and warrants check, Officer Grishaw and his canine, Justice, conducted a canine sweep around the vehicle, based on information that Chalfont and Bradshaw were involved with marijuana. During the canine sweep, Justice sat down at the passenger side door signaling the presence of illegal narcotics in the vehicle.

Officer Grishaw asked Chalfont to exit the vehicle and proceeded to conduct a pat down search of Chalfont. The results of the pat down of Chalfont were negative. Next, Officer Grishaw asked Bradshaw to exit the vehicle so that a pat down search could be performed. In the course of patting down Bradshaw, Officer Grishaw found a bag containing marijuana and a partially smoked marijuana cigarette inside a tin located in the jacket Bradshaw was wearing. Officer Grishaw gave Chalfont a warning for the equipment violation and then released him. Bradshaw, however, was arrested for possession of marijuana under 30 grams. Subsequently, Bradshaw was charged with possession of marijuana as a Class D felony.[1]

1. Ind.Code § 35–48–4–11. Possession of less than 30 grams of marijuana is elevated from a Class A misdemeanor to a Class D felony when the person charged has a prior conviction for an offense involving marijuana, hash oil, or hashish. *Id.*

Bradshaw moved the trial court to suppress the marijuana as the product of an illegal search. The trial court denied Bradshaw's motion after holding a hearing. In its Order the trial court found that a canine sweep is not a search and that the canine sweep was permissible even without reasonable suspicion of criminal activity because the vehicle was legally detained for another reason at the time of the canine sweep. This interlocutory appeal ensued.

### Discussion and Decision

Bradshaw contends that the trial court erred in denying his motion to suppress evidence seized as a result of an illegal search. In particular, Bradshaw alleges that the arresting officer had no reasonable suspicion to conduct a canine sweep of the vehicle in which Bradshaw was a passenger while the vehicle was detained for a routine traffic stop.[2] Further, Bradshaw maintains that even if we agree with the trial court that only the detention of the vehicle, not the canine sweep, required reasonable suspicion, we should still reverse because the evidence was insufficient to establish whether the traffic stop was ongoing or completed prior to the completion of the canine sweep. We disagree.

We begin by noting that a trial court has broad discretion in ruling on the admissibility of evidence. *Dowdell v. State*, 747 N.E.2d 564, 566 (Ind.Ct.App.2001), *trans. denied*. Accordingly, we will reverse a trial court's ruling on the admissibility of evidence only when it has been shown that the trial court abused its discretion. *Id.* Upon review of a trial court's ruling on a motion to suppress evidence, we examine the evidence most favorable to the ruling, together with any uncontradicted evidence. *Sullivan v. State*, 748 N.E.2d 861, 865 (Ind.Ct.App.2001). We neither reweigh the evidence nor judge witness credibility. *Id.*

 It is well-settled that a canine sweep is not a search within the meaning of the Fourth Amendment. *D.K. v. State*, 736 N.E.2d 758, 762 (Ind.Ct.App.2000) (citing *United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983)). While a canine sweep is not a search, upon the completion of a traffic stop, an officer must have reasonable suspicion of criminal activity in order to proceed thereafter with an investigatory detention. *D.K.*, 736 N.E.2d at 762 (citing *United States v. Hill*, 195 F.3d 258, 270 (6th Cir.1999), *cert. denied*). *See also United States v. Hunnicutt*, 135 F.3d 1345, 1350 (10th Cir.1998) (allowing a canine sniff of a vehicle without individualized reasonable suspicion of drug-related activity as long as the vehicle is "lawfully detained" or "legitimately detained"); *accord United States v. Morales–Zamora*, 914 F.2d 200, 205 (10th Cir.1990). The critical facts in determining whether a vehicle was legally detained at the time of the canine sweep are whether the traffic stop was concluded and, if so, whether there was reasonable suspicion at that point to continue to detain the vehicle for

---

2. In making this argument Bradshaw alleges that his rights under the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Indiana Constitution were violated by the canine sweep. Because Bradshaw presents no authority or independent analysis supporting a separate standard under the Indiana Constitution in his Brief of Appellant, any constitutional claim based thereon is waived. *Lockett v. State*, 747 N.E.2d 539, 541 (Ind.2001), *reh'g denied*. Consequently, we hereby grant the State's motion to strike Bradshaw's Reply Brief because Bradshaw goes beyond merely responding to the State's brief by raising for the first time in his Reply Brief a separate analysis based on the Indiana Constitution. Ind. Appellate Rule 46(C) (allowing an appellant to file a reply brief to respond to the appellee's argument but not to raise new issues).

investigatory purposes. *D.K.*, 736 N.E.2d at 762.

The trial court is in the best position to decide whether the traffic stop was concluded at the time of the canine sweep, and we will not second-guess its determination. *See Allen v. State*, 686 N.E.2d 760, 789 (Ind.1997), *reh'g denied, cert. denied* (stating that appellate courts will not second-guess the trial court on questions of credibility or weighing). The burden is on the State to show that the time for the traffic stop was not increased due to the canine sweep. *See Mitchell v. State*, 745 N.E.2d 775, 786 (Ind.2001) (requiring the State to "bear the burden of showing that, in the totality of the circumstances, the intrusion was reasonable"). In assessing whether a detention is too long in duration, we examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly. *Kenner v. State*, 703 N.E.2d 1122, 1127–28 (Ind.Ct.App. 1999), *reh'g denied, trans. denied* (quoting *United States v. Sharpe*, 470 U.S. 675, 686, 105 S.Ct. 1568, 1575, 84 L.Ed.2d 605 (1985)).

Officer Grishaw testified that within two to three minutes of stopping Chalfont's vehicle, just long enough for him to explain to Chalfont the reason for the stop and to obtain Chalfont's license and registration, he retrieved his canine from his vehicle to conduct the canine sweep. Meanwhile, Officer Woods radioed in Chalfont's information to dispatch to complete a license and warrants check. Additionally, Officer Grishaw indicated that the partial walk-around the vehicle with his canine, from the tailgate of the vehicle to the passenger's side door, was completed in "20, 30 seconds at the most" and that the whole process, including retrieving and returning his canine to his police vehicle, transpired in "close to a minute." Tr. P.

13. Moreover, Officer Grishaw testified that at the time he completed the partial walk-around, Officer Woods had not yet received a call back from dispatch on the license and warrants check.

Based on the testimony presented at the suppression hearing, the trial court concluded that the canine sweep, which lasted approximately one minute, was conducted prior to the officers receiving information back from dispatch on the license and warrants check. Thus, the canine sweep was completed before the traffic stop was concluded. Because the traffic stop was not yet concluded at the time of the canine sweep, we need not reach the issue of whether Officer Grishaw possessed reasonable suspicion to detain the vehicle for an additional period of time in order to conduct the canine sweep. *See Cannon v. State*, 722 N.E.2d 881, 884 (Ind.Ct.App. 2000), *trans. denied* (requiring reasonable suspicion for the detention of property, not for the canine sweep itself).

While we recognize that our holding in this case may be subject to abuse, we trust the trial courts to carefully weigh the evidence and to be vigilant in ensuring that the State meets its burden of showing that the traffic stop was no longer than necessary given the circumstances surrounding a particular stop. As the State met its burden of proving that the time necessary to conduct the traffic stop in this case was not extended due to the performance of the canine sweep, we find that the trial court did not err in denying Bradshaw's motion to suppress.

Judgment affirmed.

FRIEDLANDER, J., and BARNES, J., concur.