# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOHN C. BOHDAN**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana



FILED

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHARMAIN J. SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1204-CR-174 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**APPEAL FROM THE ALLEN SUPERIOR COURT**
The Honorable John F. Surbeck Jr., Judge
Cause No. 02D04-1006-FB-103

**November 16, 2012**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

While conducting a traffic stop, an officer discovered that Sharmain J. Smith was driving while intoxicated. The officer placed Smith under arrest and then conducted a search of Smith's vehicle. During this search, the officer discovered open beer bottles and a handgun. Smith was charged with numerous crimes, including illegal possession of a firearm by a serious violent felon. Both prior to and at trial, Smith moved to suppress the evidence of the handgun, contending that the search violated his rights under the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Indiana Constitution. The trial court denied Smith's request, and Smith was convicted of illegal possession of the firearm. On appeal, we conclude that because the officer had probable cause to arrest Smith, the search was a valid search incident to arrest, and, as such, Smith's constitutional rights were not violated. Therefore, we affirm.

**FACTS AND PROCEDURAL HISTORY**

During the early morning of June 20, 2010, Fort Wayne Police Officer Larry Tague initiated a traffic stop of Smith's vehicle after observing the vehicle make erratic and unsafe lane changes. After initiating the traffic stop, Officer Tague observed Smith lean forward and to the right as if to conceal something before stopping his vehicle. Upon approaching the vehicle, Officer Tague observed that Smith, the sole occupant of the vehicle, displayed signs of intoxication, including exceptional nervousness, a strong odor of alcohol on his breath, and watery and bloodshot eyes.

Officer Tague placed Smith under arrest for operating a vehicle while intoxicated. After placing Smith under arrest, Officer Tague conducted a search of Smith's vehicle for the

2

purpose of discovering evidence of operating while intoxicated. During this search, Officer Tague discovered open beer bottles and a handgun. One open bottle of beer was found wedged between the passenger seat and the center console. The handgun was found under the driver's seat.

On June 24, 2010, the State charged Smith with Count I - Class B felony unlawful possession of firearm by a serious violent felon,[1] Count II - Class D felony operating while intoxicated, and Count III - Class D felony operating a vehicle with .08 or more alcohol concentration equivalent in blood or breath. On July 27, 2010, the State amended the charging information to include Count IV, which alleged that Smith was a habitual offender. On October 15, 2010, Smith pled guilty to Counts II through IV, with sentencing to be conducted after disposition of Count I.

With respect to Count I, on January 27, 2012, Smith filed a motion to suppress the evidence obtained during the search incident to his arrest. The trial court conducted a hearing on Smith's motion to suppress on February 10, 2012, after which it denied Smith's motion. At trial, Smith again objected to the admission of the evidence obtained as a result of the search incident to his arrest, incorporating the reasons presented in his motion to suppress. The evidence was admitted over Smith's objection. At the conclusion of trial, the jury found Smith guilty as charged. On March 19, 2012, the trial court sentenced Smith to an aggregate sentence of twenty-one and one half years. The trial court further ordered that Count III be merged into Count II. This appeal follows.

---

[1] Ind. Code § 35-47-4-5 (2009).

**DISCUSSION AND DECISION**

Smith contends that the trial court erred in denying his motion to suppress the evidence obtained following his arrest for operating a vehicle while intoxicated. Although Smith originally challenged the admission of the evidence through a motion to suppress, he appeals following a completed trial and thus challenges the admission of the evidence at trial. "Accordingly, 'the issue is more appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial.'" *Cole v. State*, 878 N.E.2d 882, 885 (Ind. Ct. App. 2007) (quoting *Washington v. State*, 784 N.E.2d 584, 587 (Ind. Ct. App. 2003)).

> Our standard of review for rulings on the admissibility of evidence is essentially the same whether the challenge is made by a pre-trial motion to suppress or by an objection at trial. *Ackerman v. State*, 774 N.E.2d 970, 974-75 (Ind. Ct. App. 2002), *reh'g denied*, *trans. denied*. We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Collins v. State*, 822 N.E.2d 214, 218 (Ind. Ct. App. 2005), *trans. denied*. We also consider uncontroverted evidence in the defendant's favor. *Id*.

*Id*.

A trial court has broad discretion in ruling on the admissibility of evidence. *Washington*, 784 N.E.2d at 587 (citing *Bradshaw v. State*, 759 N.E.2d 271, 273 (Ind. Ct. App. 2001)). Accordingly, we will reverse a trial court's ruling on the admissibility of evidence only when the trial court abused its discretion. *Id*. (citing *Bradshaw*, 759 N.E.2d at 273). An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Id*. (citing *Huffines v. State*, 739 N.E.2d 1093, 1095 (Ind. Ct. App. 2000)). In the instant matter, Smith argues that the trial court abused its

discretion in admitting the handgun recovered during the search incident to his arrest because the handgun was discovered in violation of his constitutional rights under both the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Indiana Constitution.

## A. The Fourth Amendment

Smith argues that the trial court abused its discretion because the handgun was discovered during an illegal warrantless search. The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches or seizures shall not be violated." The Fourth Amendment prohibits unreasonable searches and seizures. *Burkes v. State*, 842 N.E.2d 426, 429 (Ind. Ct. App. 2006), *trans. denied*. Because the Fourth Amendment generally prohibits warrantless searches and seizures, the State has the burden of proving that an exception to warrant requirement existed at the time of the search when the search is conducted without a warrant. *Edmond v. State*, 951 N.E.2d 585, 588 (Ind. Ct. App. 2011) (citing *Ratliff v. State*, 770 N.E.2d 807, 809 (Ind. 2002)).

The United States Supreme Court has held that one exception to the warrant requirement is a search incident to a lawful arrest. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009). "The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Id.* However, police may search a vehicle incident to arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or* if it is reasonable to believe the vehicle contains

5

evidence of the offense of the arrest. *Id*. at 346-47.

Here, the record demonstrates that Officer Tague conducted a search of Smith's vehicle after Smith was arrested for operating a vehicle while intoxicated. Smith does not claim that the search was illegal because Officer Tague did not have probable cause to validly place him under arrest for the above-stated offense, but rather that the search of his vehicle went beyond that permitted following a valid arrest. Specifically, Smith asserts that "[w]hile the vehicle did contain evidence in support of the arrest for operating while intoxicated, there was insufficient support in the record to justify the more expansive search ultimately undertaken by Officer Tague after his observation of two beer bottles in the car." Appellant's Br. p. 15. For its part, the State argues that the continued search was proper because it was reasonable for Officer Tague to believe that he might find additional evidence of intoxication in the remaining unsearched parts of the passenger compartment of the vehicle, including under the driver's seat. We agree.

After initiating the traffic stop, Officer Tague observed Smith lean forward and to the right as if trying to conceal something before pulling over. Upon approaching the vehicle, Officer Tague further observed that Smith, the sole occupant of the vehicle, displayed multiple signs of intoxication. Smith was placed under arrest for operating a vehicle while intoxicated.

Officer Tague testified that he searched the entire passenger compartment after placing Smith under arrest because, in his experience as a police officer, one can often find evidence of operating while intoxicated "everywhere" within the passenger compartment,

6

including under the driver's seat, in the center console, on the passenger's side of the vehicle, hidden in the back seat, and in the pockets on the back of the driver's and front passenger's seats. Sup. Hr. Tr. p. 10. Officer Tague further testified that during this search of Smith's vehicle, he was looking for beer bottles, beer caps, pills, and other evidence of Smith's intoxication, all of which, again based on his experience as a police officer, he believed could possibly be found under the driver's seat. As a result of his search, Officer Tague ultimately discovered two open beer bottles and a handgun. Under the circumstances, we conclude that Officer Tague reasonably believed that his search of the passenger compartment of Smith's vehicle, including under the driver's seat, could turn up evidence of the offense for which Smith was arrested. As a result, Officer Tague conducted a lawful search of Smith's vehicle incident to Smith's arrest. Smith's rights under the Fourth Amendment were not violated.

## B. Article I, Section 11

Smith also argues that the search incident to his arrest violated his rights under Article I, Section 11.

> Article I, Section 11 provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated...." The purpose of this article is to protect from unreasonable police activity those areas of life that Hoosiers regard as private. *Moran v. State*, 644 N.E.2d 536, 540 (Ind. 1994). The provision must receive a liberal construction in its application to guarantee the people against unreasonable search and seizure. *Brown v. State*, 653 N.E.2d 77, 79 (Ind. 1995).

*State v. Quirk*, 842 N.E.2d 334, 339-40 (Ind. 2006).

> "While almost identical to the wording in the search and seizure clause of the federal constitution, Indiana's search and seizure clause is independently interpreted and applied." *Baniaga v. State*, 891 N.E.2d 615, 618 (Ind. Ct. App.

7

> 2008). Under the Indiana Constitution, the legality of a governmental search turns on an evaluation of the reasonableness of the police conduct under the totality of the circumstances. *Litchfield v. State*, 824 N.E.2d 356, 359 (Ind. 2005).… The burden is on the State to show that under the totality of the circumstances, the intrusion was reasonable. *Id.*

*Hathaway v. State*, 906 N.E.2d 941, 945 (Ind. Ct. App. 2009).

For the reasons stated in our analysis relating to the Fourth Amendment, we conclude that Officer Tague's search of Smith's vehicle was reasonable under the totality of the circumstances and did not violate Article I, Section 11. Officer Tague, who had observed furtive movements by Smith suggesting that Smith was trying to conceal evidence, reasonably believed that the search could, and in fact did, result in the discovery of evidence relating to the offense for which Smith was arrested, *i.e.*, operating a vehicle while intoxicated. During the search, Officer Tague found at least two open beer bottles in addition to the handgun. Officer Tague found the handgun while searching under the driver's seat for additional evidence of intoxication including beer bottles, beer bottle caps, and pills. Officer Tague testified that these items are small enough that each could have been found under the driver's seat. Because Smith's arrest was valid and Officer Tague reasonably believed that a search of the vehicle could lead to discovery of evidence relating to Smith's arrest, we conclude that Officer Tague had probable cause to search the vehicle for evidence relating to the offense for which Smith was arrested. We further conclude that the search conducted by Officer Tague was reasonable under the totality of the circumstances, and, as such, Smith's rights under Article I, Section 11 were not violated.

Because Smith's rights under the Fourth Amendment and Article I, Section 11 were

8

not violated, the trial court acted within its discretion in admitting into evidence the handgun found during the search of Smith's vehicle following his arrest.  Therefore, we affirm his conviction.

The judgment of the trial court is affirmed.

ROBB, C.J., and BAKER, J., concur.