## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 23 2015, 8:35 am
CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Ruth Ann Johnson
Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Reginald Shirley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 23, 2015

Court of Appeals Case No.
49A04-1412-CR-575

Appeal from the Marion Superior Court

The Honorable Rebekah Pierson-Treacy, Judge; The Honorable Shatrese M. Flowers, Commissioner

Trial Court Cause No.
49F19-1406-CM-28168

**Mathias, Judge.**

[1] Following a bench trial, Reginald Shirley ("Shirley") was convicted in Marion Superior Court of Class A misdemeanor intimidation and sentenced to 365 days with sixty-five days suspended to probation. Shirley now appeals and presents two issues for our review, which we restate as:

I.    Whether the trial court properly excluded testimony concerning the relationship between Shirley and his mother and;

II.   Whether the State presented sufficient evidence to support Shirley's conviction for intimidation.

We affirm.

## Facts and Procedural History

[2] In the early months of 2014, Shirley lived at a rental property owned by his seventy-six-year-old mother, Lillian Frazier ("Frazier"). Shirley agreed to pay rent in the amount of $500 per month. Shirley was struggling to pay rent each month, and by March of 2014, he owed Frazier $9,000 in back-rent. Tr. p. 26.

[3] On March 6, 2014, in the early afternoon, Frazier stopped by her rental property to tell Shirley that he needed to pay his rent. She discovered that Shirley had changed the locks, so Frazier knocked on the door several times before he reluctantly opened the door. Frazier told Shirley that if he could not pay the rent owed, she would start eviction proceedings and that she could not afford to "carry him." Tr. p. 28. Shirley became upset and threatened to burn the house down if she evicted him. Tr. p. 31. Shirley's threats caused Frazier to fear her son. Tr. p. 32. This fear was also based in part on Frazier's belief that

Shirley had entered her home on numerous occasions and had stolen food and other personal belongings.

[4] Later in the evening on the same day, Frazier returned to Shirley's residence with her grand-daughter, Alexis Gibson ("Gibson") asking for the rent due. Shirley again told Frazier that he did not have the money to pay the rent. Frazier then asked Shirley for the keys to the house, which made Shirley angry. He went to the bathroom and started slamming objects against the wall. When he came out of the bathroom, Shirley "got in . . . [Frazier's] face" and again threatened to burn the house down. Tr. p. 48. Frazier responded to Shirley, "[g]o ahead and do it," because then she could call the police. Tr. pp. 49, 51. Both Frazier and Gibson believed Shirley at the time and were scared of him. Tr. pp. 40, 49.

[5] True to her word, Frazier initiated an eviction proceeding, and Shirley was evicted by the constable on March 14, 2014. Frazier did not accompany the constable herself because she remained frightened of Shirley. On May 20, 2014, Frazier made a police report against Shirley, related to the threats he made to her on March 6, 2014. Frazier testified at trial that she did not make the report right away because she was fearful that he might attempt to damage her house. Tr. p. 40.

[6] The State charged Shirley with Class A misdemeanor intimidation, and he was convicted after a bench trial. At trial, Shirley sought to introduce testimony of his relationship with Frazier after the March 6, 2014 incident occurred. The

State objected based on relevancy, and the trial court sustained the objection. After the bench trial, Shirley was sentenced to 365 days with sixty-five days suspended to probation. Shirley now appeals.

## I.     Exclusion of Testimony Concerning the Relationship Between Frazier and Shirley

[7] A trial court has broad discretion in ruling on the admissibility of evidence. *Smith v. State*, 980 N.E.2d 346, 349 (Ind. Ct. App. 2012) (citing *Washington v. State,* 784 N.E.2d 584, 587 (Ind. Ct. App. 2003)). This court will only reverse a trial court's ruling on admissibility when the trial court has abused its discretion. *Id.* An abuse of discretion involves a decision that is clearly against the logic and effects of the facts and circumstances before the court. *Id.* (citing *Huffines v. State*, 739 N.E.2d 1093, 1095 (Ind. Ct. App. 2000)). Even if the trial court's decision was an abuse of discretion, we will not reverse if the admission constituted harmless error. *Fox v. State*, 717 N.E.2d 957, 966 (Ind. Ct. App. 1999).

[8] When the trial court excluded Shirley's offered testimony about his relationship with Frazier after the March 6 incidents, Shirley made an offer to prove that he wanted to testify that he had a positive relationship with Frazier after March 6. Shirley argues that the trial court abused its discretion in excluding his testimony. He asserts that his testimony would contradict Frazier's and

Gibson's testimony that they were afraid of him and show that Frazier did not take Shirley's statement seriously.[1]

[9] The State argues that Shirley's testimony was inadmissible as irrelevant under Indiana Evidence Rule 401. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Ind. Evidence Rule 401. Shirley's proposed testimony would have described this relationship with Frazier *after* March 6, 2014. This testimony was not relevant to the Class A misdemeanor intimidation charge which stated:

> On or about 3/6/2014, in Marion County, State of Indiana, the following named defendant Reginald Shirley, did communicate a threat to Lillian Frazier, another person, said threat being: "If you put me out, I'll burn it (the house) down," with the intent that said person engage in conduct against his/her will, that is not evict him from his residence.

App. 15.

[10] Shirley's testimony that he had a positive relationship with Frazier after the March 6, 2014, incident is not relevant to whether he communicated a threat to Frazier on that date and as such is inadmissible under Indiana Evidence Rule

---

[1] The State claims that Shirley's argument that the trial court abused its discretion is waived because he failed to make an adequate offer of proof. After reviewing the record, we disagree. Shirley adequately identified the substance of the evidence, the grounds for admission, and the relevancy of the testimony by explaining that his testimony would rebut Frazier's statement that she was afraid of him. We will proceed to address the issue on its merits.

401. Accordingly, the trial court did not abuse its discretion by excluding Shirley's testimony.

[11] Even if the trial court had abused its discretion by excluding Shirley's testimony, any error would be harmless. "Trial court error is harmless if the probable impact of the error on the [trier of fact], in light of all of the evidence, is sufficiently minor such that it does not affect the substantial rights of the parties." *Bald v. State*, 766 N.E.2d 1170, 1173 (Ind. 2002) (quoting *Hauk v. State*, 729 N.E.2d 994, 1002 (Ind. 2000)). Shirley had the opportunity to cross-examine Frazier and Gibson concerning their alleged fear of him but did not. Any additional testimony from Shirley relating to the relationship with Frazier after the March 6, 2014, incident would not have negated any of the elements of the intimidation charge. For all of these reasons, the trial court did not commit any reversible error by excluding Shirley's testimony.

## II.    Sufficiency of the Evidence

[12] Finally, Shirley argues that his conviction was not supported by sufficient evidence. "Upon a challenge to the sufficiency of evidence to support a conviction, a reviewing court does not reweigh the evidence or judge the credibility of witnesses, and respects the [trier of fact's] exclusive province to weigh conflicting evidence." *Montgomery v. State*, 878 N.E.2d 262, 265 (Ind. Ct. App. 2007) (quoting *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We consider only probative evidence and reasonable inferences supporting the verdict. *Id.* We must affirm if the probative evidence and reasonable inferences

drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

[13] Shirley does not dispute that he communicated the threatening statements to Frazier, but rather, he claims that he made the statements because she threatened to evict him. Shirley argues that he was "merely venting," and his statements were "not meant seriously." Appellant's Br. at 5.

[14] Indiana Code section 35-45-2-1(a)(1) provides:

> A person who: (1) communicates (2) a threat (3) to another person (4) with the intent that the other person engage in conduct against the other person's will commits intimidation, a Class A misdemeanor.

[15] The State proved that Shirley communicated a threat to Frazier by establishing that Frazier visited her rental property on numerous occasions to collect unpaid rent from Shirley. On both occasions Frazier requested the rent payments and stated if he did not pay she would start eviction proceedings, Shirley responded that he would burn the house down.

[16] The main question at issue is whether Shirley communicated a threat to Frazier to prevent her from evicting him from the rental property. A "'threat' means an expression, by words or action, of an intention to: (1) unlawfully injure the person threatened or another person, or damage property." Ind. Code § 35-45-2-1(d). In Indiana, an objective analysis is used to determine whether a statement constitutes a threat. *Owens v. State*, 659 N.E.2d 466, 474 (Ind. 1995). A *mens rea* determination in a threat case is almost inevitably a matter of circumstantial

proof, absent a defendant's confession or admission. *Brewington v. State*, 7 N.E.3d 946, 964 (Ind. 2014).

[17] The statements Shirley made were in the context of several arguments with Frazier related to past due rent and Frazier's need to evict him if he could not pay her what he owed. On the second visit, Shirley became enraged, went to the bathroom, and slammed objects against the wall. When he returned he invaded Frazier's personal space and threatened to burn the house down again. Given the circumstances, Shirley's actions did not suggest that he was joking or not serious. Objectively, a reasonable fact-finder could determine that Shirley's statements constituted a threat.

[18] Shirley cites to *Newell v. State*, 7 N.E.2d 367, 369 (Ind. Ct. App. 2014), in which our court applied the objective test, but also considered the following additional factors: the content of the statement, the context of the statement, and the reaction of the listener. *Id.* Weighing these factors, especially the reaction of the listener, we still conclude that Shirley's statement was a "threat." Here, Shirley made the statement directly to Frazier in a hostile manner that led Frazier and Gibson to believe that he would follow through with burning the house down. Both Frazier and Gibson testified at trial that they believed Shirley's statement and were afraid of him. Tr. pp. 31, 32, 49. Looking at the totality of the circumstances under the objective test and the *Newell* factors, we conclude that the State proved that Shirley's statement was a true threat.

## Conclusion

The trial court did not abuse its discretion in excluding Shirley's testimony describing his relationship with Frazier after the March 6, 2014, incident occurred because it was inadmissible under Indiana Evidence Rule 401. Further, the State presented sufficient evidence to support Shirley's Class A misdemeanor intimidation conviction.

Affirmed.

Baker, J., and Bailey, J., concur.