## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 14 2016, 6:49 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michelle F. Kraus
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James J. Wyatt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 14, 2016

Court of Appeals Case No.
02A04-1507-CR-839

Appeal from the Allen Superior Court.
The Honorable Wendy Davis, Judge.
Cause No. 02D06-1501-F6-2

**Barteau, Senior Judge**

## Statement of the Case

[1] James J. Wyatt appeals his convictions for residential entry, a Level 6 felony,[1] and battery with moderate bodily injury, a Level 6 felony.[2] We affirm.

## Issue

[2] The sole issue Wyatt raises for our review is whether the trial court erred in admitting evidence of his prior misconduct.

## Facts and Procedural History

[3] Wyatt and his then girlfriend, Keisha Coleman, lived together at Coleman's residence. The living arrangement ended on December 6, 2014, when officers from the Fort Wayne Police Department were called to Coleman's residence. After speaking to Coleman, the officers told Wyatt that he was not to return to the residence without permission from Coleman. One of the officers provided Wyatt courtesy transportation from the residence.

[4] On the night of December 7, 2014, Coleman's son, who was residing at Coleman's residence, called police officers to the residence because he heard someone attempting to enter the home. Coleman was not at home at the time of the incident. When officers arrived, they discovered a torn screen on the back patio sliding glass door and that the sliding glass door was unsecured.

---

[1] Ind. Code § 35-43-2-1.5 (2014).

[2] Ind. Code § 35-42-2-1(d)(1) (2014).

Upon entering the residence, the officers found Wyatt laying on the couch. Coleman's son told police officers that Wyatt was not supposed to be in the home. One of the officers telephoned Coleman. After speaking with Coleman, the officers told Wyatt to leave the residence and not return without first contacting the police. On the following day, Coleman had the locks to her home changed.

[5] On the evening of December 22, 2014, Coleman left her home to walk to her job at a nearby hospital where she worked as a nurse. She made sure that all of the doors to her residence were locked before she left. As she arrived at the employee entrance to the hospital at approximately 11:00 p.m., Wyatt and his brother drove up to where Coleman was standing. Coleman told Wyatt and his brother that she had to clock-in for work and she proceeded inside the hospital.

[6] Coleman's shift at the hospital ended at 7:45 a.m. on December 23, 2014. At the end of her shift, Coleman walked home. When she entered her home, she found Wyatt sitting in a chair and Wyatt's brother laying on the couch. Coleman also noticed that the back patio sliding glass door was completely off of its track. Coleman attempted to call 911, but before the call could be completed, Wyatt walked toward Coleman, knocked her to the ground, and punched her in the face several times. Wyatt's brother eventually rose from the couch, tapped Wyatt on the shoulder, and said, "Come on, man." The two then fled the residence. Coleman located her phone and called 911.

[7] A paramedic from an ambulance service and two police officers from the Fort Wayne Police Department arrived at Coleman's home. The paramedic observed Coleman bleeding from the mouth. One of the officers observed that Coleman was bleeding and had dried blood around her nose and mouth. The officer also noticed that the back patio sliding glass door appeared to be off of its track. Coleman was transported to the emergency room where she received thirteen stitches for deep cuts to her lip.

[8] The State charged Wyatt with residential entry and battery with moderate bodily injury, both Level 6 felonies. Prior to the start of the trial, the trial court heard arguments from counsel regarding whether testimony on the events that took place on December 6 and 7, 2014, would be admissible during the trial. The trial court ruled that testimony could be introduced on the events of December 6 and 7, to show motive, intent, and lack of mistake. During the trial, and over defense objection, the State presented three witnesses (two police officers and Coleman's son) who testified as to the events that took place on December 6 and 7.

[9] At the conclusion of the trial, the jury found Wyatt guilty as charged. The trial court merged the two convictions and sentenced Wyatt to a total sentence of two years and 183 days executed. Wyatt now appeals.

## Discussion and Decision

[10] Wyatt argues that the trial court erred in admitting testimony concerning the events that occurred on December 6 and 7, 2014. Wyatt contends that the

testimony fell under Indiana Evidence Rule 404(b); that the testimony was irrelevant; that the testimony was highly prejudicial; and that the prejudicial effect of the testimony outweighed its probative value.

A trial court has broad discretion in ruling on the admissibility of evidence. *Washington v. State*, 784 N.E.2d 584, 587 (Ind. Ct. App. 2003) (citing *Bradshaw v. State*, 759 N.E.2d 271, 273 (Ind. Ct. App. 2001)). Accordingly, we will reverse a trial court's ruling on the admissibility of evidence only when the trial court abused its discretion. *Id.* (citing *Bradshaw*, 759 N.E.2d at 273). An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Id.* (citing *Huffines v. State*, 739 N.E.2d 1093, 1095 (Ind. Ct. App. 2000), *trans. denied*).

Indiana Evidence Rule 404(b) provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Evid. R. 404(b)(1). This rule is designed to prevent the jury from assessing a defendant's present guilt on the basis of his past propensities — the "forbidden inference." *Remy v. State*, 17 N.E.3d 396, 399 (Ind. Ct. App. 2014), *trans. denied*. However, such evidence may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Evid. R. 404(b)(2). This list of permissible purposes is illustrative but not exhaustive. *Freed v. State*, 954 N.E.2d 526, 530 (Ind. Ct. App. 2011).

The State argues that the December 6, 2014 incident did not constitute a prior bad act under Rule 404(b). Evidence which creates a mere inference of prior bad conduct does not fall within the purview of Rule 404(b). *Dixson v. State*, 865 N.E.2d 704, 712 (Ind. Ct. App. 2007), *trans. denied*. The police officer who testified regarding the December 6 incident indicated that after arriving at Coleman's residence and speaking to both Coleman and Wyatt, he told Wyatt not to return to the residence without permission from Coleman. No evidence was presented that Wyatt behaved in any criminal manner. This testimony, at most, "creates a mere inference of prior bad conduct," *Dixson*, 865 N.E.2d at 712, and, consequently, does not fall within the purview of Rule 404(b).

The incident that occurred on December 7, 2014, does constitute a prior bad act. In assessing the admissibility of 404(b) evidence, the court must: (1) determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Indiana Evidence Rule 403. *Scalissi v. State*, 759 N.E.2d 618, 623 (Ind. 2001). Rule 403 provides that a trial court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." The trial court is afforded wide latitude in weighing probative value against possible prejudice under Rule 403. *Willingham v. State,* 794 N.E.2d 1110, 1116 (Ind. Ct. App. 2003). We will reverse the court's evaluation and decision to admit or exclude

evidence only upon a showing of an abuse of discretion. *Scalissi,* 759 N.E.2d at 622.

[15] In *Wickizer v. State,* the Indiana Supreme Court held that "[t]he intent exception in Evid. R. 404(b) will be available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent." 626 N.E.2d 795, 799 (Ind. 1993). Prior to the trial, defense counsel indicated that he intended to introduce evidence that Wyatt had Coleman's consent to be in her home. In his opening statement, defense counsel stated the evidence would show that Coleman gave her consent to allow Wyatt to be in her home and/or provided Wyatt with a key to the residence. Wyatt's brother testified that Coleman gave him a key to her residence and that the back patio sliding glass door looked as if it had been pried open at the time he and Wyatt entered Coleman's residence on December 23, 2014. Wyatt testified that Coleman provided him with a key to her home when he and his brother met her at the hospital.

[16] Here, Wyatt went beyond merely denying the charge of residential entry and presented evidence that Coleman provided him with a key to her home and permission to enter her home. Testimony concerning the December 7 incident was therefore admissible as an exception to Rule 404(b) because it was relevant to show Wyatt's motive and intent to commit the crime of residential entry. *See, e.g., Price v. State*, 619 N.E.2d 582 (Ind. 1993) (evidence of prior attacks of defendant upon his wife was admissible to show relationship of parties and

defendant's motive and intent in commission of crime). No error occurred here.

[17] Wyatt further argues that the testimony regarding the December 7 incident should be excluded under Evidence Rule 403 because it resulted in unfair prejudice to him and because the trial court failed to complete the second part of the Rule 404(b) test, which is to determine whether the evidence's danger of unfair prejudice so substantially outweighed its probative value as to require exclusion under Rule 403. We disagree.

[18] The December 7, 2014 incident, which involved Wyatt being told by police not to return to Coleman's home, occurred within approximately two weeks of the present charges. *See Dixon v. State*, 712 N.E.2d 1086, 1089-90 (Ind. Ct. App. 1999) (evidence of prior drug transaction that occurred no more than four months before charged conduct occurred was admissible). The trial court heard arguments from counsel as to the admissibility of the testimony from the December 7, 2014 incident and determined that the evidence was admissible for limited purposes. Prior to the testimony of the first witness regarding the December 7 incident, the trial court instructed the jury that the testimony to follow was not to show Wyatt's conformity with the past actions but would be elicited to show Wyatt's intent on the night of the offense, lack of mistake, motive, and knowledge. For these reasons, we cannot conclude that the trial court failed to consider the second part of the Rule 404(b) test, and we cannot say that the trial court abused its discretion under Rule 403 in admitting the misconduct evidence at issue.

# Conclusion

[19] For the reasons stated above, we affirm the trial court.

[20] Affirmed.

Bailey, J., and Crone, J., concur.