MAY, Judge,
dissenting.
[21] The trial court granted Cassady’s motion to suppress the évidence gathered as part of a dog sniff during a traffic stop. The majority reverses because “Deputy McCormick’s actions were conducted in a manner that did not prolong the stop beyond the time reasonably required to complete the mission of issuing the ticket.” Op. at 668. As I would affirm the trial court’s decision, I must respectfully dissent.
[22] The majority acknowledges “a police stop .exceeding the time needed to handle the matter for which the stop was made violates the Constitution’s shield against unreasonable seizures.” Rodriguez v. United States, - U.S. - , -, 135 S.Ct. 1609, 1612, 191 L.Ed.2d 492 (2015). When a seizure is justified based on the observation of a traffic violation, it “become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission [of issuing a traffic citation].” Illinois v. Caballes, 543 U.S. 405, 407, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005). A dog sniff “is not fairly characterized as part of the officer’s traffic mission.” Rodriguez, 135 S.Ct. at 1615. The “[a]uthority for the seizure thus ends when tasks tied to the traffic infraction are — or reasonably should have been — completed.” Id.
[23] In Rodriguez, the Government argued the stop was not unreasonably prolonged because the officer was “reasonably diligent”' in completing the purpose of the stop and the “overall duration of the stop remained] reasonable in relation to the duration of other traffic stops involving similar circumstances.” Id. The Court characterized the Government’s argument as allowing the officer “bonus time” should he complete “all traffic-related tasks expeditiously.” Id.. The Court rejected that argument and held, “[t]he critical question, then, is not whether the dog sniff occurs before or after the officer issues a ticket ...' but whether conducting the sniff ‘prolongs’ — i,e., adds time to — ‘the stop[.]’ ” Id. (quoting Caballes, 543 U.S. at 407, 125 S.Ct. 834). The State has the burden to prove the traffic stop was not prolonged due to the dog sniff. Bradshaw v. State, 759 N.E.2d 271, 273 (Ind.Ct.App.2001).
[24] The State did not meet that burden here. .The video reveals the officer did not have time to complete any steps related to the observed traffic violation, as he was in the car for approximately sixteen. seconds before exiting the car to retrieve the drug sniffing dog. See Rodriguez, 135 S.Ct. at 1615 (ordinary inquiries incident to a traffic stop “involve checking the driver’s license, determining whether there are outstanding warrants against the driver, and inspecting the automobile’s registration and proof of insurance.”). *670 Deputy McCormick called in Cassady’s license after removing the dog from the car, and over a minute after receiving it from her. That prolonged the traffic stop beyond what was required to complete the mission of the stop — issuing a citation to Cassady because she didn’t signal a turn.
[25] An officer may prolong the traffic stop to complete a dog sniff if the officer has “the reasonable suspicion ordinarily demanded to justify detaining an individual.” Id. Deputy McCormick did not have such reasonable suspicion. In Wilson v. State, 847 N.E.2d 1064, 1067 (Ind.Ct.App.2006), the officer indicated Wilson possessed $4000 in cash, was watching police activity before he was confronted, sped off at a high rate of speed, had shaking hands, and had been convicted of drug related offenses. Those facts did not give the officer reasonable suspicion to call for a dog sniff for narcotics: “A person’s nervousness when stopped by the police at 2:00 a.m. is understandable, as is watching a passing patrol car. Carrying $4,000.00 in cash is unusual, but it is not illegal.” Id. at 1068.'
[26] Here, the officer testified Cassady “became defensive in her, [sic] and very guarded in her comments or answering questions that I had for her[.]” (Tr. at 11.) He also testified that while he was waiting for Cassady to produce her license and registration, he had “already made the decision that [he] was going to remove the dog, and perform a scan with the dog.” (Id. -at IS.) Cassady’s actions were not enough to give the officer reasonable suspicion.
[27] I believe the trial court correctly suppressed the evidence because the officer prolonged the traffic stop to complete the dog sniff and did not have reasonable suspicion to justify prolonging the stop. I acknowledge other decisions involve stops that were prolonged more. But under Rodriguez, the amount of time by which the stop is prolonged is not determinative. See Rodriguez, 135 S.Ct. at 1616 (“The critical question, then, is not whether the dog sniff occurs before or after the officer issues a ticket ... but whether conducting the sniff ‘prolongs’ — i.e.,' adds time to — ‘the stop[.]’ ”).
[28] As the officer prolonged the stop without reasonable suspicion, I respectfully dissent.